### EX PARTE A. B. BANKS.

No. 2110.  Decided November 1, 1899.

**1. Cumulative Punishment—Misdemeanors.**

While the statute, Code of Criminal Procedure, article 840, providing for cumulative punishments, has been held applicable to misdemeanors where the punishment is imprisonment in the county jail, it has no reference or application to cases where the punishment is by pecuniary fine. In these latter cases the fines are independent of each other and the payment of the one is not a satisfaction of the other.

**2. County Convict—Working on County Farm—Two Judgments.**

Revised Statutes, articles 3739, 3744, provide that, "in no case shall convicts be worked or hired out for a longer period than one year for the failure to pay a fine and costs." Held, where two separate judgments have been rendered against the convict, and he has worked or been hired out for one year in payment of one of the judgments, this does not satisfy both the judgments, but he may still be hired out or worked for a period of not more than one year more to pay the second judgment.

FROM Wood County. Original application for habeas corpus to Court of Criminal Appeals for discharge of a county convict from custody.

The opinion states the case.

*M. D. Carlock,* for relator.

*Rob't A. John,* Assistant Attorney-General, for respondent.

HENDERSON, JUDGE.—This is an original proceeding in habeas corpus. The applicant alleges that he is illegally restrained of his liberty by the superintendent of the county convict farm. The facts agreed upon show that he was fined in two misdemeanor cases. The trial and conviction of applicant in the Justice Court was in July, 1898, and the punishment assessed was a fine of $50 and costs, amounting to $57.43, which made the total fine and costs $107.43. In August following, applicant was tried in the County Court, and convicted of a misdemeanor. The fine assessed against him was $50, and the costs were $50.90—the total being $100.90; and in addition imprisonment in the county jail for twenty-four hours was assessed against him. These were separate cases, and the judgment in the last case did not refer to the former. Applicant, in order to pay the fine and costs in said two cases, aggregating $208.83, was placed on the county convict or poor farm of Wood County. He alleges, and it is agreed, that he has labored on said farm 324 days; that he was sick and unable to work, twenty-five days; and that he did not do any labor on said farm for forty-seven days,—forty-five of same being on Sunday; that 396 days have elapsed since applicant has been on said convict farm. Applicant contends that said judgments were not cumulative, and that he had been imprisoned on the first case twenty-four hours, and had been hired on the county farm a sufficient length of time to pay off the fine and costs in the first case, and that he was entitled to his discharge, regardless of the fine and costs in the subsequent case.

The statute regulating cumulative sentences refers only to cases in which imprisonment in the penitentiary or the county jail is a part of the punishment (Code of Criminal Procedure, article 840) ; and it has been held this article refers as well to misdemeanors as to felonies (Ex Parte Cox, 29 Texas Criminal Appeals, 84; Ex Parte Bates, 37 Texas Criminal Reports, 548). A reference to said article will show that it has no reference to pecuniary fines, but relates to cases in which the punishment is by imprisonment. Until the passage of said statute, there was no statute with reference to cumulative punishments. In such cases it was held, where the punishment was imprisonment, that the terms of punishment, when the same defendant was convicted in two or more cases, ran concurrent with each other. We are not advised of any case where the same rule was held applicable to pecuniary fines. In such cases the fines were independent of each other, and the payment of one was not a satisfaction of the other. In Ex Parte Dockery, 38 Texas Criminal Reports, 293, we held that in misdemeanor cases a defendant could be required to serve out the term of imprisonment assessed against him, and could then be hired out to pay a fine assessed against him in the same case; and this although the term of his imprisonment was twelve months. We construe articles 3739, 3744,

Civil Statutes, 1897, which provide that "in no case shall convicts be worked or hired out for a longer period than one year for the failure to pay a fine and costs," not to refer to or include the matter of imprisonment which may have been adjudged against him. But the question here presented was not necessary to a decision in that case, nor was it decided. Referring to articles 3739 and 3744, it will be seen that they refer to but one case of misdemeanor in which a fine and costs has been adjudged against a defendant, and do not include two cases, and provide that in no case shall a convict be worked or hired out for a longer period than one year for a failure to pay a fine and costs. If the rule contended for by applicant be adopted,—that the judgments could not be cumulative of each other, but must run concurrent, then it would seem that a payment in money of one fine and costs would settle the fine and costs in two or more cases. A reasonable construction, we think, would hold that the two cases are independent of each other, and that the applicant owes the distinct amounts of fine and costs adjudged against him. But no matter what the fine and costs may be in any one of said cases, he can not be worked on the county farm or hired out on account of such fine and costs more than one year, but on the expiration of said year, if in the meantime he has not paid the fine and costs adjudged against him in the other case, he can be hired out or worked on the county farm to pay the fine and costs in such other case, provided he can not be so hired out or worked on the poor farm in such case for a longer period than one year. When this writ was sued out, allowing him 50 cents a day, he had served out the first case and part of the second case against him, but had not served a sufficient time to liquidate the fine and costs against him in the second case. We accordingly hold that he was not entitled to his discharge. When applicant, in accordance with the above, has been held to service on the county farm a sufficient length of time to pay off both said fines and costs, he is entitled to his discharge, as the fine and costs in neither of said cases, at 50 cents a day, exceed one year. The applicant is accordingly remanded.

*Applicant remanded to custody.*