JIM PARIS v. THE STATE.

No. 1023.    Decided March 8, 1911.

**Aggravated Assault—Misdemeanor—Cumulative Judgment.**

Where the defendant was convicted of an aggravated assault, and the judgment provided that the same should begin when a former judgment for a misdemeanor, which had been entered on the same day, had been fully satisfied, there was no error.

Appeal from the County Court of Johnson.    Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was charged by complaint and information with committing an aggravated assault on Lula Paris, he being an adult male, and she a female.    The appellant waived a jury and plead guilty.    The court assessed a fine of $25 and six months imprisonment in the county jail.    In the judgment, properly entered up, the court states that the appellant was on the same day in that court convicted of a misdemeanor and his punishment assessed at a fine of $50 and ordered that the judgment in this case should commence when the former judgment had been fully satisfied.

There is no statement of facts, bills of exception or other complaint by appellant, than a motion for new trial which sets up that the judgment is not supported by the evidence and is contrary to the law.    We presume it may have been intended by the appellant to complain of this judgment because of the cumulative penalties.    There was no error on this account and there is no error whatever in the record.    Code of Criminal Procedure, article 840; Stewart v. State, 37 Texas Crim. Rep., 135; Ex parte Cox, 29 Texas Crim. Rep., 84.

The judgment is affirmed.