Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

On the 8th day of October, 1935, appellant was convicted in the county court of Wichita county of a misdemeanor, and his punishment was assessed at a fine of $100 and costs. Having failed to pay the same, he was placed in jail by the sheriff of said county. During his confinement he was indicted by the grand jury of Stephens county, and on the 29th day of December, 1935, he was tried and convicted of a felony in the district court of said county, and sentenced to the penitentiary for a term of 2 years, where he served a period of 15 months. After he was released from the penitentiary, a capias pro fine was issued by the clerk of the county court of Wichita county, and he was again arrested and confined in jail until such time as he should have paid the balance of the fine and costs as then remained unpaid.

Appellant seems to take the position that under article 774, C.C.P., the judgment of his conviction of a felony, and the judgment of his conviction in the county court of a misdemeanor, ran concurrently. This is not true where the judgment assessed is a pecuniary fine, and in support thereof we refer to the case of Ex parte Clayton, 51 Tex.Cr.R. 553, 103 S.W. 630; Ex parte Banks, 41 Tex.Cr.R. 201, 53 S.W. 688. See, also, article 774, C.C.P.

Article 785, C.C.P., provides, that where a judgment is for a fine and costs, defendant shall be discharged from the same in one of three ways: (1) When the amount has been fully paid; (2) when the amount of such fine and costs have been remitted by the proper authorities; and (3) when he has remained in custody for the length of time required by law to satisfy the amount thereof. Article 793 (as amended by Acts 1934, 2d Called Sess., c. 33, § 1 [Vernon's Ann.C.C.P. art. 793]) and article 794, C.C.P., provides how the amount of fine and costs may be discharged in case the defendant is unable to pay the same. It appears from the record that appellant agreed with the county attorney that he had not fully discharged the amount of the fine and costs assessed against him in the county court of Wichita county; nor is there any proof that the same was remitted by the proper authorities. Consequently, he was not entitled to a release from custody. See Ex parte Cook, 80 Tex. Cr.R. 77, 188 S.W. 979.

The judgment remanding the appellant to the custody of the sheriff until the fine and costs are satisfied is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## HUFF v. STATE.
### No. 19389.

Court of Criminal Appeals of Texas.

Oct. 13, 1937.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is murder; penalty assessed at confinement in the penitentiary for twenty-five years.

The indictment appears regular and properly presented. The record is before this court without statement of facts or bills of exception. The charge of the court, to which no exceptions were addressed, adequately protected the rights of the appellant.

No error having been perceived requiring a reversal, the judgment of the trial court is affirmed.