## EX PARTE CHARLIE HALL.

No. 26,438.   May 13, 1953.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) June 24, 1953.

*David J. Morris,* Brownwood, for appellant.

*Firman H. Smith,* County Attorney, Brownwood, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

On January 26, 1953, appellant was charged in seven separate cases with the unlawful sale of whiskey in a dry area and placed under arrest on each charge. Appellant appeared before the county judge of Brown County on January 27, 1953, and entered his plea of guilty to the charge in the information in each of said cases. The court accepted said pleas and found the appellant guilty as charged in each case, and assessed his punishment in each case at a fine of $100.00 and all costs of court. The appellant was remanded to the custody of the sheriff and committed to the jail of said county, with each judgment re-

citing "until said fine and costs are paid," the total amount for the seven cases being $855.40. The judgments in the later cases did not refer to the former. Appellant served forty-three days in jail and then sought his release by writ of habeas corpus filed in the county court of Brown County.

On March 11, 1953, a hearing was had on the writ of habeas corpus and appellant was, by order of the court, remanded to the custody of the sheriff "until he serve out the total of $855.40 in jail at the rate of three dollars per day, or until he pay the the balance of said total remaining after giving him credit for jail time at the rate of three dollars per day." Appellant gave notice of appeal to this court.

It is contended by appellant that after serving forty-three days in jail he had satisfied each of said judgments upon the ground that he was allowed three dollars per day credit for each day spent in jail on each of said cases, and that forty-one days was the total length of time it would require to satisfy each of the seven judgments concurrently, therefore, he should be discharged from further restraint thereunder.

Art. 783, C.C.P., provides that "when the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and costs of the prosecution * * *." It is further provided that "when a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law." Art. 787, C.C.P. The terms and conditions on which one may be "discharged as provided by law" when only a pecuniary fine is assessed as punishment in a misdemeanor case are found in Art. 785, C.C.P., wherein it says:

"When the judgment against a defendant is for a fine and costs he shall be discharged from the same:

"1. When the amount thereof has been fully paid.

"2. When remitted by the proper authority.

"3. When he has remained in custody for the time required by law to satisfy the amount thereof."

When more than one judgment has been rendered against a person in accordance with Arts. 783 and 787, C.C.P., these judgments can only be discharged when one of the conditions set out in Art. 785, C.C.P., has been complied with in each case.

The judgments against appellant in each of the seven cases for the fines and costs were independent of each other. The satisfaction of the fine and costs in one of the seven judgments against appellant was not a satisfaction of the fine and costs in either or all of the other judgments. Ex Parte Banks, 41 Tex. Cr. R. 201, 53 S.W. 688.

We are of the opinion that the trial judge was correct in remanding the appellant to the custody of the sheriff until the fine and costs in each of said cases are discharged, and that they were not discharged by him concurrently upon serving the forty-one days in jail.

The judgment of the trial court is affirmed.

Opinion approved by the Court.