### Ex parte Preston A. TATE.

### No. 42209.

Court of Criminal Appeals of Texas.

Oct. 6, 1971.

Peter S. Navarro, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty. and Phyllis Bell, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

ON MOTION FOR REHEARING

MORRISON, Judge.

The original opinion is withdrawn and the following is substituted in lieu thereof.

This is an appeal from the refusal of the County Criminal Court at Law No. 1 of Harris County, Texas, to grant the appellant's relief prayed for in his application for writ of habeas corpus. This cause has been remanded to this Court by the United States Supreme Court with directions to proceed in accordance with its opinion. See Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130, and Ex Parte Tate, 445 S.W.2d 210 for the previous opinions in this cause.

In this cause the United States Supreme Court said that Tate may not be imprisoned because he is too poor to pay his accumulated traffic fines. In doing so they stated:

"There are, however, other alternatives to which the State may constitutionally resort to serve its concededly valid interest in enforcing payment of fines. We repeat our observation in Williams [Williams v. Illinois] in that regard, 399 U.S. [235] 244–245, 90 S.Ct. 2018, 26 L.Ed.2d 586 (footnotes omitted):

" 'The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment

for nonpayment whereas other defendants must always suffer one or the other conviction.'

" * * * We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case.

"The judgment of the Court of Criminal Appeals of Texas is reversed and the case is remanded for further proceedings not inconsistent with this opinion."

■■■ It now appears that the Legislature has provided "alternative means" for collection of fines and costs from defendants, in their revisions of Arts. 42.15, 43.03, 43.04, 43.05, 45.50, 45.51 and 45.52, Vernon's Ann.C.C.P. This Court has discussed the impact of these amendments on persons currently confined under the old versions of the statutes in Ex Parte Scott, 471 S.W.2d 54 (1971). As this Court said in Scott:

"Under these amendments, the trial court may, when a defendant is to be fined, order the defendant to pay the entire fine and costs at the time of the pronouncement of sentence, order the defendant to pay the entire fine and costs at a later date, or order the defendant to pay specified portions of the fine and costs at designated intervals. The old statutes did not provide for delayed or installment payments; they required that the defendant pay the entire fine in a lump sum at the time of sentence or go to jail until he paid.

"The new amendments are not ex post facto laws as regards their application to the appellant. A law which changes the punishment for a crime after the crime has been committed is an ex post facto law as prohibited by Tex.Const., Art. I, Sec. 16, Vernon's Ann.St. and U.S. Const., Art. I, Sec. 10, only if it inflicts a greater punishment than did the previous law. Rooney v. North Dakota, 196 U.S. 319, 25 S.Ct. 264, 49 L.Ed. 494; Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93; Millican v. State, 145 Tex.Cr.R. 195, 167 S.W.2d 188. Compare In re Hunt, 28 Tex.App. 361, 13 S.W. 145; Ex Parte Alegria, Tex.Cr.App., 464 S.W.2d 868; and Donald v. Jones, 445 F.2d 601 (5th Cir. 1971). In the case at bar, the punishment has not been substantially altered; the only change has occurred in the method of collection of the fine and costs. This change has the effect of mitigating the punishment, because it makes it easier for a defendant to pay his fines. In the case at bar it means that the Petitioner probably need not be imprisoned as it appears that he can pay the remainder of his fine and costs if he is allowed to do so on an installment or deferred payment basis."

■■ This cause is remanded to County Court at Law No. 1 of Harris County, Texas, for further proceeding as may be consistent with the opinion of the Supreme Court of the United States and this opinion and so that the benefits of our legislative revisions may be complied with.[1]

It is so ordered.

1. Compare Spurlock v. Noe, 467 S.W.2d 320 (Ky.Ct.App., 1971).