**Ex parte Rafael MINJARES, Jr.**

**No. 57136.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 12, 1978.

Opinion on Rehearing March 23, 1979.

OPINION

DOUGLAS, Judge.

Rafael Minjares appeals from an order denying relief on his application for a writ of habeas corpus. On September 23, 1977, petitioner was convicted in the municipal court of El Paso upon his plea of guilty to seven traffic law violations. The court assessed the following fines and costs as punishment for petitioner's offenses:

| | |
|---|---|
| No operator's license | $202.50 |
| No operator's license | 202.50 |
| Fraudulent use of vehicle registration | 35.00 |
| Negligent collision | 35.00 |
| No operator's license | 110.00 |
| No operator's license | 202.50 |
| Public intoxication | 17.00 |
| | $804.50 |

Petitioner was ordered committed to the El Paso county jail in default of the fines adjudged against him. There he served sixty-two days of jail time, receiving credit toward his judgments at the rate of $5.00 per day, totaling $310.00. In addition, the sheriff of El Paso County, pursuant to V.A. T.S., Article 5118a, purported to commute one third of petitioner's sentence at the rate of $2.50 per day, totaling $155.00. On November 10, 1977, petitioner filed his application for writ of habeas corpus alleging that he had satisfied the judgments against him and was entitled to be discharged.

He contends that the fines against him were intended by the municipal court to be concurrent, there being no recital in the judgments to the contrary. He reasons that he is entitled to be discharged inasmuch as he has served an amount of jail time sufficient to satisfy the largest of the concurrent fines assessed and that his credit for time served ($310.00) added to the credit awarded him by the sheriff for good conduct ($155.00) results in a total sum in excess of the largest judgment against him.

We conclude that petitioner is not entitled to the relief requested. Judgments in misdemeanor convictions imposing pecuniary fines as punishment have been held not concurrent but cumulative. In *Ex parte Hall,* 158 Tex.Cr.R. 646, 258 S.W.2d 806

W. Stephen Hernsberger, El Paso, court appointed, for appellant.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

(1953), a fine was assessed in seven cases. This Court held that the judgments against the defendants in each of the seven cases were independent of one another, that they could not be discharged concurrently, and that the defendant's satisfaction of the fine and costs in one of the seven judgments was not a satisfaction of the fine and costs in either or all of the other judgments. *Accord Ex parte Williams,* 133 Tex.Cr.R. 116, 109 S.W.2d 171 (1937); *Ex parte Banks,* 41 Tex.Cr.R. 201, 53 S.W. 688 (1899).

Were we to hold that the fines assessed by a municipal judge may run concurrently, a defendant such as petitioner would have a means of avoiding the satisfaction of many judgments by discharging the largest of the fines assessed against him. We decline to so hold.

V.A.T.S., Article 5118a, providing for commutation of jail time for good conduct, has no application to judgments of municipal courts wherein a pecuniary fine is assessed as punishment. The municipal court of an incorporated city, town, or village is empowered to assess fines as punishment. Article 45.06, V.A.C.C.P. Its criminal jurisdiction, however, is concurrent with the justice court in cases where punishment is by fine only and where such fines do not exceed $200.00. V.A.T.S., Articles 1195, 2385. The municipal court, therefore, has no jurisdiction to render judgment assessing jail time as punishment. It may order a defendant committed to jail only upon default of the payment of fines assessed against him. Article 45.06, supra; Articles 43.08 and 42.15, V.A.C.C.P. *See* Article 45.50, V.A.C.C.P., which provides for a specified portion of a fine to be paid at designated intervals. It may be used for people who are unable to pay all of the fines assessed. *See also Ex parte Tate,* 471 S.W.2d 404 (Tex.Cr.App.1971).

Article 5118a provides, in part, as follows:

"Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one third (⅓) of the original *sentence* may be made from the term or terms of *sentences* when no charge of misconduct has been sustained against the prisoner." (Emphasis supplied).

Under the above provisions, the sheriff of each county may apply credit for good conduct against the sentence under which a defendant is incarcerated. We conclude that since there is only a judgment in a municipal court there is no "sentence" against which a sheriff may apply good conduct credit earned by a defendant incarcerated for failure to pay municipal fines. In the present case, petitioner was not jailed pursuant to a sentence. Hence, the sheriff of El Paso County had no capacity to grant petitioner good conduct credit. See *Gardner v. State,* 542 S.W.2d 127, 128 (Tex.Cr.App.1976).

The fact that petitioner served time in the county jail of El Paso, rather than in a city jail, does not entitle him to the same commutation of sentence for good conduct that is afforded county prisoners. The record reflects that the city and county of El Paso are parties to a contract whereby city prisoners may be held in the county jail. Such contracts for joint city-county use of jail facilities are specifically contemplated by V.A.T.S., Article 5115a. Under the provisions of Article 45.05, V.A.C.C.P., however, prisoners convicted before municipal courts must be held in accordance with applicable city ordinances. The fact that they are incarcerated in county facilities does not make such defendants county prisoners.

We conclude, therefore, that petitioner may not receive credit toward the satisfaction of his judgments for good conduct. We further conclude that he should be remanded to the custody of the Sheriff of El Paso County and held in the El Paso County jail in lieu of payment of the remaining fines assessed against him until such time as each and every judgment is discharged.

The order denying petitioner's relief under application for writ of habeas corpus is affirmed.

Before the Court en banc.

## OPINION ON PETITIONER'S MOTION FOR REHEARING

ODOM, Judge.

The Court on its own motion has withdrawn during term time the mandate issued in this cause, and has withdrawn the original opinion on petitioner's motion for rehearing and substitutes the following in lieu thereof.

This is an appeal from an order entered in the County Court at Law of El Paso County denying relief on petitioner's application for habeas corpus.

On September 23, 1977, petitioner was convicted in the Municipal Court of El Paso on nine traffic complaints.[1] Total of fines and costs in those cases was $788 with the highest single case being a $200 fine and $2.50 costs. The Municipal Court ordered petitioner committed to the custody of the Chief of Police until the $788 judgment "is fully paid or until he is otherwise legally discharged by the due course of law." By contract with the city, the sheriff had custody of petitioner and held him in the county jail for 62 days before the hearing in county court on petitioner's writ was held, at the conclusion of which petitioner was released on bail pending disposition of this appeal. Stipulations at the hearing showed petitioner received $5 per day credit against his fines plus $2.50 per day good time credit, for a total of $465 credit against the $788 judgment.

Petitioner's contention on original submission was that under Article 5118a, V.A. C.S., he was entitled to discharge from custody when he had earned credit sufficient to discharge the largest single fine levied against him. On original submission the court disposed of the issue this way:

"We conclude that petitioner is not entitled to the relief requested. Judgments in misdemeanor convictions imposing pecuniary fines as punishment have been held not concurrent but cumulative. In *Ex parte Hall* [158 Tex.Cr.R. 646], 258 S.W.2d 806 (Tex.Cr.App.1953) fines were assessed in seven cases. This Court held that the judgments against the defendant in each of the seven cases were independent of one another, that they could not be discharged concurrently, and that the defendant's satisfaction of the fine and costs in one of the seven judgments was not a satisfaction of the fine and costs in either or all of the other judgments."

■ Petitioner argues this holding is in conflict with this language from Article 5118a, supra:

"This Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine. A prisoner under two (2) or more cumulative sentences shall be allowed commutation *as if they were all one sentence.*" (Emphasis added.)

Petitioner rests his position on the emphasized language, arguing that treating all $788 worth of fines as one "sentence" renders a punishment in excess of the maximum allowed within the jurisdiction of the Municipal Court. That position misconstrues the statute: Art. 5118a does not transform petitioner's nine fines into one; it merely provides that for *commutation purposes* of the statute the fines are to be treated *as if* they were one. Thus, for fines and cumulated jail terms, good time credits cannot be earned concurrently against *each* fine or jail term, but to the contrary, treating them as one, good time credits can be earned only against the aggregate punishment. We adhere to the disposition of this issue reached on original submission.

■ In our opinion on original submission we also went beyond the issue raised by petitioner and held Art. 5118a, supra, does not apply to Municipal Court judgments. We therefore held petitioner could not be awarded $2.50 per day good time credit against his fines. That issue had not been raised and had the effect of reducing petitioner's credits for his 62 days' confinement from $465 to $310. Appellant challenges that holding and urges the above quoted language from Art. 5118a as authority for

1. Although nine were stipulated, only seven were set out.

the proposition that good time credits should be awarded "regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine." We agree that the absence of a formal sentence in Municipal Court prosecutions should not render Art. 5118a inapplicable.

Our holding on original submission was based on a reading of a sentence taken out of context. Article 5118a provides in part:

"In order to encourage county jail discipline, a distinction may be made in the terms of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts; the reward to be bestowed on prisoners for good conduct shall consist of such relaxation of strict county jail rules, and extension of social privileges as may be consistent with proper discipline. Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one third (⅓) of the original sentence may be made from the term or terms of sentences when no charge of misconduct has been sustained against the prisoner. This Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine. . . ."

The opinion on original submission relied heavily upon the use of the word "sentence" in the next to last sentence quoted above, and concluded that because there is no "sentence" in Municipal Court convictions,[2] the statute does not apply. The language immediately following the excerpt previously relied on states that the statute applies "regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine." The sentence before says it applies to "the inmates of each county jail." We hold petitioner is entitled to such good time credits as he had earned while an inmate of the county jail, and the absence of a formal sentence may not be used to deny him that credit. On the record before us petitioner has credits of $465 toward discharge of his $788 of fines and costs.

■ We have found further grounds not raised in the briefs that entitle petitioner to immediate discharge from custody. In the record appears an order of the judge who heard petitioner's writ application. The order recites that after a hearing petitioner was found to be indigent. It is a matter of constitutional law that a defendant "may not be imprisoned because he is too poor to pay his accumulated traffic fines." *Ex parte Tate*, Tex.Cr.App., 471 S.W.2d 404; *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130.

On remand the County Court at Law from which this appeal was prosecuted shall (1) determine the cause numbers of the Municipal Court cases, (2) set aside the commitment to custody issued by the Municipal Court, and (3) remand petitioner to the Municipal Court for execution of the judgments on the fine and costs remaining due by arrangement in the Municipal Court of a schedule of payments or other means legally authorized. See Articles 42.15, 43.07, 45.06, 45.50, 45.52(b), V.A.C.C.P. See also *Ex parte Sheppard*, Tex.Cr.App., 548 S.W.2d 414. Petitioner is entitled to credit for $465.00 against the $788 total assessed in those cases.

Petitioner's motion for rehearing is granted, the order of the County Court at Law denying relief is set aside, and the cause is remanded to the County Court at Law for further proceedings in conformity with this opinion.

It is so ordered.

DOUGLAS, Judge, dissenting.

The opinion on original submission was correct.

The majority opinion leaves the impression that there is no difference between a judgment and a sentence and treats them as the same. In *Ex parte Hayden,* 152

2. See Article 42.02, V.A.C.C.P.

Tex.Cr.R. 517, 215 S.W.2d 620 (1948), the Court wrote, " 'Judgment' and 'sentence' are not the same thing; the two are distinct and independent. . . ." In that case the convictions were for misdemeanor offenses. The trial court granted probation and ordered the relators discharged. The sheriff refused to discharge them and the habeas corpus proceeding followed.

Under consideration was a Texas constitutional provision, Section 11–A of Article 4, which provides:

"The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to *suspend the imposition or execution of sentence* and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe." (Emphasis supplied).

House Bill No. 120, Chapter 452, Acts of the 50th Legislature, Regular Session, page 1049, Vernon's Annotated Code of Criminal Procedure, Article 781b, authorized probation in misdemeanor cases. At that time there were no sentences imposed in any misdemeanor cases. This Court held that since the constitutional provision allowing probation referred only to sentences it did not apply to misdemeanor cases because in those only judgments were entered. See *Ex parte Waggoner,* 276 S.W.2d 106 (Tex. Cr.App.1954).

In *Gilderbloom v. State,* 160 Tex.Cr.R. 471, 272 S.W.2d 106 (1954), the Court noted that *Ex parte Hayden,* supra, held that the adult probation law had no application except in those cases where a sentence had been made mandatory by the Legislature and followed that case. Neither case has been overruled.

As construed by this Court thirty years ago and until this case, there is a great difference between a judgment and a sentence.

Following the *Hayden* and other cases, relator was not entitled to have the judgments treated as one sentence. This Court held the statute that treated the judgment as a sentence was unconstitutional.

The majority apparently thinks it bad that the original opinion discussed something not raised in appellant's brief. The writer knows of no rule that this Court is bound by any brief in discussing the law applicable to a case. If discussing a matter not raised in the brief is wrong, why does the majority discuss the question of indigency which was not raised in appellant's brief?

The writer of the majority opinion has often discussed matters not raised by the brief. One interesting example is found in *Lechuga v. State,* 532 S.W.2d 581 (Tex.Cr. App.1975). In that case the trial court found the defendant guilty and assessed punishment at three years' confinement. At the defendant's request a motion for new trial was granted. The same judge then assessed punishment at five years, probated. Lechuga was apparently happy to get it because he did not appeal. After probation was granted, Lechuga committed several crimes and because of these his probation was revoked. He appealed from the order revoking probation. The majority of the then five judge Court held that the punishment of five years' probation was more than three years' confinement in the Department of Corrections and reversed the conviction. This was a matter not raised in the brief.

When a federal prisoner is placed in a county jail, he is still a federal prisoner. Can the sheriff give him credit for good time?

When a city prisoner is placed in a county jail for an unpaid fine, he is still a city prisoner. Under the majority ruling a double standard is created. One in custody for a fine set in a municipal court and who is confined in a city jail does not get good time credit from the sheriff. Where, as in this case, there is a contract with a county to handle prisoners for a city until their fines are paid, the majority allows good time credit not allowed to the vast majority of those convicted in city courts because they are in different jails. Should a city prisoner in a county jail have more rights than a city prisoner in a city jail?

For the reasons stated in the opinion on original submission and here, the relief sought should be denied.