

# The Attorney General of Texas

December 29, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

'001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Dallas County Government Center
Dallas, Texas    75202

Opinion No.  JM-107

Re:  Crediting jail time toward misdemeanor fine and costs where prisoner is serving more than one jail sentence

Dear Mr. Wade:

You have requested this office's assistance in determining the proper method of computing jail time in certain cases.  In particular, you seek answers to the following questions:

> (1)   When  two  misdemeanor  sentences  are pronounced against a defendant on the same day, one committing the defendant for non-payment of fine and costs, the other to serve a jail term, do they run concurrently or consecutively?

> (2)  May a jail sentence of 72 hours be treated like a sentence of three days?

For reasons which are to follow, we conclude that, under the circumstances presented by your request, the two misdemeanors run consecutively.  Additionally, we conclude that a sentence of 72 hours requires that the jailed individual be released upon the expiration of the 72 hour period or as close to that time as is practicable.

A defendant sentenced in two or more cases to a term of imprisonment may, in the sentencing court's discretion, serve the terms concurrently or consecutively.  Code Crim. Proc. art. 42.08. However, unless the court specifically orders the terms served cumulatively, the defendant serves them concurrently.  Ex parte Bates, 538 S.W.2d 790 (Tex. Crim. App. 1976).  Misdemeanors may be cumulated under article 42.08, but only where the punishment is confinement and not fines.  Ex parte Banks, 53 S.W. 688 (Tex. Crim. App. 1899) (discussing former Code of Criminal Procedure article 774).  Fines imposed in two or more misdemeanors are not made concurrent when converted to imprisonment -- they remain separate judgments to be discharged cumulatively.  Ex parte Minjares, 582 S.W.2d 105 (Tex. Crim. App. 1979) (en banc); Ex parte Hall, 258 S.W.2d 806 (Tex. Crim. App. 1953) (pecuniary fines in seven cases are not discharged concurrently by satisfaction of fine and costs in one of the seven

judgments); Attorney General Opinions C-467 (1965) (a prisoner convicted and fined in more than one misdemeanor case is not entitled to receive credit on each case simultaneously at the rate of $3.00 per day); V-1031 (1950) (defendant convicted of two or more misdemeanors at the same time and assessed fines in each case must serve them out consecutively when imprisoned in default of payment); O-5046 (1943) (defendant punished by fines for two or more misdemeanors may not satisfy them concurrently).

Judgments for fines and costs may be discharged either by payment, remission to proper authorities, or confinement in jail for a period long enough to satisfy the judgment but not to exceed the maximum term authorized for the offense for which the defendant was originally convicted. Code Crim. Proc. arts. 43.01 and 43.03; Attorney General Opinion M-58 (1967) (sheriff may release prisoner unable to pay fines after prisoner has spent requisite amount of time in jail necessary to discharge fines at the rate of $5.00 per day). Under article 43.09, fines are discharged at the rate of 15 dollars for each day of imprisonment. Fines and jail terms, however, are generally treated as different species of punishment. Thus, punishment in any single case which imposes both a jail term and a fine may not be satisfied merely by serving out the term of imprisonment alone. Ex parte Dockery, 42 S.W. 599 (Tex. Crim. App. 1897) (the law contemplates that a defendant who is unable to pay fines and costs after imprisonment be put to work or in jail until fines and costs are discharged). The cases and opinions cited have dealt primarily with the problems of single sentences involving mixed punishment (jail term and fines) or multiple sentences involving a single type of punishment (jail term or fines). Your request envisions a situation barely discussed by the authorities: multiple sentences involving fines, costs, and jail terms.

A review of the relevant authorities reveals few direct comments on the situation just described. Attorney General Opinion O-5046 (1943) answered the question of a judge's discretion in imposing concurrent misdemeanor sentences. After addressing this issue at length, the opinion, in its last sentence, concludes that

> if in one case the defendant is merely fined while in another his punishment is imprisonment, the satisfaction may not be concurrently accomplished. See Ex parte Williams, [109 S.W.2d 171 (Tex. Crim. App. 1937)].

In Williams, a confinement in lieu of payment of a fine for a misdemeanor was interrupted by a felony conviction and imprisonment. Upon release from the penitentiary, Williams was jailed to discharge the remainder of the fine. The Commission of Appeals, in an opinion adopted by the Court of Criminal Appeals, held that both terms were not concurrently satisfied. This case involved cumulation of felony

and misdemeanor sentences, a practice not prohibited by article 42.08. McClure v. State, 496 S.W.2d 588 (Tex. Crim. App. 1973).

You direct our attention to Ex parte Herrod, 175 S.W.2d 87 (Tex. Crim. App. 1943), which deals with a jail-fine combination for two or more misdemeanors. In Herrod the court held that confinement in jail in default of payment of a fine followed by other misdemeanor convictions for jail terms only would not become cumulative. The appellate court noted that the sentencing court failed to make the subsequent misdemeanor sentences cumulative with the confinement for the fine. See Ex parte Bates, supra. The Court of Criminal Appeals also observed that at the time of the subsequent misdemeanor convictions, Herrod was discharging the previously imposed fine. The court explicitly rejected Williams, claiming that the distinction between that case and the one before it was that the second conviction in Williams was for a felony which required confinement in the state penitentiary and could not satisfy the misdemeanor conviction, which could only be served where it had commenced. Finally, the court concluded that, since Herrod received several non-cumulated convictions of the same class (misdemeanors) and was confined in the same facility after imposition of the later sentences, the subsequent terms were concurrent with the first. The court relied on Ex parte Lawson, 266 S.W. 1101 (Tex. Crim. App. 1924), which held that a state felony sentence ran concurrently with a previously pronounced federal felony sentence when the defendant was returned to the federal prison rather than sent to the state penitentiary.

The Herrod decision is consistent with the general rule prohibiting the satisfaction of sentences in installments. See Ex parte Morris, 626 S.W.2d 754 (Tex. Crim. App. 1982). Some reasons for the prohibition are given in Ex parte Morgan, 262 S.W.2d 728, 731 (Tex. Crim. App. 1953). The Morgan court stated that such a prohibition was necessary because a contrary rule

> (1) would require one who had requested no relief, but who had been told to leave his place of confinement by those who confined him, to refuse to leave and demand that he be allowed to finish serving his sentence at that time in order to ever be free from the clutches of the law. Such conduct on the part of a prisoner would be inconsistent with human nature as we know it. (2) It would place in the hands of those charged with enforcing the law the power to keep a prisoner in a form of peonage by requiring him to serve his sentence at whatever times and for such length of time as the whim of the officer might dictate.

Despite the logical infirmity upon which you claim Herrod rests, the case nonetheless stands for the proposition that if two or more sentences of the same classification are imposed on different days

(and not expressly made cumulative) and the defendant is returned to the facility in which he began to serve the first sentence, the subsequent sentences run upon his return to that facility. Cf. Ex parte Voelkel, 517 S.W.2d 291 (Tex. Crim. App. 1975); Henson v. State, 638 S.W.2d 504 (Tex. Civ. App. - Houston [1st Dist.] 1981, no writ). With this in mind, we observe that your inquiry concerns several sentences imposed on the same day; we do not, therefore, find Ex parte Herrod determinative of the question posed by your request.

The foregoing discussion may be summarized as follows:

(1) concurrent sentences may be authorized in two or more misdemeanor cases involving imprisonment only;

(2) fines for two or more misdemeanors which are satisfied by confinement must be served consecutively;

(3) fines assessed in a single sentence along with imprisonment must be satisfied apart from the jail term, either by payment or confinement for a separate period;

(4) jail sentences for misdemeanors which are imposed after confinement has begun for default of payment of a fine and costs are concurrent with the fine if (a) the terms are not made cumulative and (b) imprisonment for both fine and jail terms is in the same facility.

In light of the foregoing discussion, we conclude that two misdemeanor sentences pronounced on the same day are to be served cumulatively when one sentence authorizes imprisonment and the other a fine. In reaching this conclusion, we are mindful of the distinction drawn by the legislature and the courts between fines and imprisonment as forms of punishment. The Texas courts' practice of separating fines from imprisonment is, in our view, consistent with the judgment of other courts that confinement for nonpayment of a fine is not punishment for that offense; rather, confinement serves as an enforcement device for collection of the fine. See 18 A.B.A. Standards for Criminal Justice 7.4 and cases cited therein. Texas courts have observed this practice even in cases involving multiple sentences where each sentence involves a fine and/or a jail term. Williams v. State, 287 S.W.2d 660 (Tex. Crim. App. 1956) (3 sentences -- (1) one year in jail, (2) $100 fine, (3) one year and $50 fine -- to be served consecutively although not expressly made cumulative); Bristow v. State, 267 S.W.2d 415 (Tex. Crim. App. 1954) (2 sentences, each for six months in jail and $300 fine -- jail terms served concurrently, fines discharged cumulatively); Paris v. State, 135 S.W. 381 (Tex. Crim. App. 1911) (2 sentences -- (1) $25 fine and six months

imprisonment and (2) $50 fine -- to be served cumulatively upon order of sentencing court). Moreover, a contrary rule would, in our opinion, encourage misdemeanants to avoid payment of fines; the policy of this state as expressed by the legislature and courts does not warrant such an outcome.

With regard to your second question, our research has yielded no authority construing the 72 hour provision of article 6687b, section 34, V.T.C.S. This office has, however, previously determined that a three-day period is equivalent to three calendar days, not 72 hours. Attorney General Opinions WW-1352 (1962); WW-1204 (1961). In construing any statute, of course, we are required to read words in context, according to ordinary rules of grammar, and in their ordinary signification unless a technical or artistic meaning is apparent either from legislative definition or particular usage. V.T.C.S. art. 10, §1; art. 5429b-2, §2.01. While we find no particular or technical meaning attaching to the words "72 hours," we do recognize that this provision may facilitate the discharge of particular sentences -- i.e., sentences served during off-work hours or weekends. See Code Crim. Proc. art. 42.03, §5(a). We also recognize the need for operational certainty and efficiency in local detention facilities. Nonetheless, in the absence of specific authority, we cannot conclude that a 72 hour sentence may be treated as three days; therefore, an individual serving a 72 hour sentence must be released upon expiration of that period. However, in light of the difficulties encountered in the daily operation of a large jail, we believe it reasonable to release an individual as close to the seventy-second hour as is practicable. Such a practice will, in our opinion, promote the ends of punishment (by requiring an individual to serve the sentence imposed by legislative sanction and judicial authority) and efficiency (by permitting jail authorities to establish predictable standards of operation).

## S U M M A R Y

Two misdemeanor sentences imposed on the same day, one for a fine and costs and the second for a jail term, are to be served consecutively. A sentence of 72 hours requires a jailed individual to be released upon expiration of that period or as close to that time as is practicable.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton