Teresa JUAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00560–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 15, 1990.

Rehearing Denied Sept. 11, 1990.

Discretionary Review Refused
Nov. 21, 1990.

Oscar J. Pena, Pena, Pena, & Pena, Laredo, for appellant.

Joe Rubio, Jr., Dist. Atty., Laredo, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

OPINION

CHAPA, Justice.

Appellant Teresa Juarez appeals her conviction for the offense of Aggravated Theft based on three indictments. The jury imposed a sentence of ten (10) years' confinement with the recommendation that such confinement be probated; additionally, a fine of $10,000.00 was assessed for each of the indictments. The trial court entered judgment probating the confinement for ten (10) years for each of the indictments, and ordered that they run concurrently, but imposed a fine of $10,000.00 in each of the three charges (for a total of $30,000.00). The trial court also ordered restitution in the amount of $107,000.00. We affirm.

The issues before this court are:

1) Whether there was insufficient evidence to corroborate the testimony of the accomplice witness.

2) Whether the trial court erred in entering judgment imposing payment of fines totaling $30,000.00 ($10,000.00 for each of the three indictments).

3) Whether the trial court erred in ordering restitution of $107,000.00.

■ Initially appellant contends that the record contains insufficient evidence to corroborate the testimony of the accomplice witness as required by TEX.CODE CRIM. PROC.ANN. art. 38.14 (Vernon 1966). The complaint stems from the fact that the allegations against the appellant were that the appellant and the accomplice, coordinated to steal the alleged funds from certain bank accounts owned by a local business.

■ In reviewing the sufficiency of the evidence, this court must determine whether, considering the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Little v. State*, 758 S.W.2d 551, 562 (Tex.Crim.App.), *cert. denied*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). *See Valdez v. State*, 776 S.W.2d 162, 165 (Tex.Crim.App.1989), *cert. denied*, — U.S.

——, 110 S.Ct. 2575, 109 L.Ed.2d 757 (1990).

■ In assessing the sufficiency of the evidence to support a conviction, the reviewing court must consider all of the evidence which the jury was permitted, rightly or wrongly, to consider. *Thomas v. State*, 753. S.W.2d 688, 695 (Tex.Crim.App.1988); *Beltran v. State*, 728 S.W.2d 382, 389 (Tex. Crim.App.1987). If a portion of the evidence was wrongly admitted, the defendant may complain on appeal of such error. *Thomas v. State*, 753 S.W.2d at 695.

■ The reviewing court does not resolve any conflict in fact, weigh the evidence, or evaluate the credibility of the witnesses. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim.App.1984), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). Additionally, the jury as trier of fact may accept or reject all or part of the testimony of any witness. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Penagraph v. State*, 623 S.W.2d 341, 342 (Tex.Crim.App.1981).

Moreover, TEX.CODE CRIM.PROC. ANN. art. 38.14, provides that "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

In particular, TEX.PENAL CODE ANN. § 31.03 (Vernon 1989 & Supp.1990) provides in pertinent part:

(b) Appropriation of property is unlawful if:

    (1) it is without the owner's effective consent;

    (2) the property is stolen and the actor appropriates the property knowing it was stolen by another;

    *    *    *    *    *    *

(c) For purposes of Subsection (b) of this section:

    *    *    *    *    *    *

(2) the testimony of an accomplice shall be corroborated by proof that tends to connect the actor to the crime, but the actor's *knowledge or intent* may be established by the uncorroborated testimony of the accomplice;

\*      \*      \*      \*      \*      \*

In applying the test of the sufficiency of the corroboration, the Texas Court of Criminal Appeals stated:

The corroborative testimony need not directly link the accused to the crime or be sufficient in itself to establish his guilt. Otherwise, the testimony of the accomplice would be valueless. The corroborative evidence is sufficient if it tends to connect the accused with the crime, and it is the cumulative weight of such evidence which supplies the test.

*Reynolds v. State*, 489 S.W.2d 866, 872 (Tex.Crim.App.1972).

■ All evidence, direct or circumstantial, may be considered in determining the sufficiency of corroboration. *Mitchell v. State*, 650 S.W.2d 801, 807 (Tex.Crim.App. 1983), *cert. denied*, 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984). "The combined cumulative weight of the incriminating evidence furnished by the non-accomplice witnesses which tends to connect the accused with the commission of the offense supplies the test." *Id.* The issue therefore is whether the test has been met here.

The evidence furnished by the non-accomplice witnesses in this record strongly favors the verdict and reflects the following: that over $214,000.00 was stolen from the account of the Neel Abstract Company; that the amount was stolen by accomplice Rosie Aguilar, who was a closer with the Neel Abstract Company; that the appellant was an intimate associate of the accomplice, had been instrumental in the accomplice being employed, and was in a managerial position with the Neel Abstract Company; that the appellant made it possible for the accomplice to deviate from the normal routine of operations which was necessary in order for the accomplice to succeed in the theft; that although the normal routine did not require the appellant to endorse the checks involved in the thefts, she did so, thus making it possible for the accomplice to obtain "cash withdrawals" by means of executing deposit slips, which resulted in the theft; that the accomplice could not have been able to accomplish the "cash withdrawals" without the endorsements of the appellant; that the appellant was in a position, as manager, of controlling the auditing process to prevent the discovery of the theft; that although the appellant was only paid approximately $25,000.00 per year, she had accumulated several accounts which amounted to over $200,000.00; that in 1987, the appellant spent approximately $22,800.00 in just two department stores; that the appellant withdrew all the funds from the accounts soon after being discharged, and made a $5,000.00 payment to the accomplice through her attorney after the thefts were discovered.

Further, the accomplice testified that she and the appellant diverted from the normal routine of depositing funds to the account in order to steal the money, which was divided between them. She also produced several envelopes which she testified were used to divide the proceeds of the theft. The accomplice additionally stated that the money the appellant furnished to her was to enable her to leave town.

While the appellant denied the theft, she conceded the following: that she endorsed the checks involved in the theft; that her relation with the accomplice was such that she permitted the accomplice to charge on one of her accounts; that she spent $22,-800.00 in 1987; and that she "lent" the accomplice $5,000.00 after the theft was discovered.

Considering all the evidence, we hold that the combined cumulative weight of the incriminating evidence furnished by the non-accomplice witnesses sufficiently tends to connect the accused with the commission of the offense and sufficiently corroborates the accomplice testimony. The point is rejected.

■ In the second point of error, appellant contends that the trial court erred in entering judgment for a total of $30,000.00 ($10,000.00 for each of the three indict-

ments) citing Section 3.03 of the Texas Penal Code for support.

TEX.PENAL CODE ANN. § 3.03 (Vernon 1974) applies to offenses arising out of the same criminal episode and provides: "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently."

However, the practice commentary of the section provides the following explanation in pertinent part:

> In effect this section treats multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes. A separate sentence is pronounced for each conviction— so that, for example, if one conviction is invalidated on appeal valid sentences will remain—but any *imprisonment assessed must run concurrently.* [emphsis added].

The Texas Court of Criminal Appeals clearly indicated reliance on the practice commentary of section 3.03 of the Texas Penal Code stating "[t]o determine the purpose of Sec. 3.03, we turn first to the practice commentary following that section." *Haliburton v. State,* 578 S.W.2d 726, 729 (Tex. Crim.App.1979). Consequently, we hold that the trial court did not err in assessing fines of $10,000.00 on each of the three indictments, for a total of $30,000.00. *Hall v. State,* 158 Tex.Crim. 646, 258 S.W.2d 806, 807 (Tex.Crim.App.1953), *cert. denied,* 348 U.S. 930, 75 S.Ct. 346, 99 L.Ed. 729 (1955); *Southern Political Consulting, Inc. v. State,* 788 S.W.2d 452 (Tex.App.— Houston [1st Dist.] 1990).

 In the final point of error, appellant complains that the trial court erred in assessing restitution in the amount of $107,-000.00.

In *Cartwright v. State,* the Texas Court of Criminal Appeals stated:

> Certainly whether to order restitution as a condition of probation is within the sound discretion of the trial court. But the dollar amount is a matter that the

court "shall determine," Article 42.12, Sec. 6h, V.A.C.C.P. Due process considerations thus implicated require that there must be evidence in the record to show that the amount set by the court has a factual basis. *Thompson v. State,* 557 S.W.2d 521, 525–526 (Tex.Crim.App. 1977).

*Cartwright v. State,* 605 S.W.2d 287, 289 (Tex.Crim.App.1980). The record reflects evidence that the aggregate amount stolen was more than $214,000.00, and that the proceeds were divided by the appellant and the accomplice. Therefore, we find that the record shows that the amount set by the court has a factual basis. The point is denied.

The judgment is affirmed.