IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





No. PD-0001-07
 



 


THE STATE OF TEXAS



v.



JAMES CROOK, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 08-02-00383-CR FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY







Holcomb, J., filed a dissenting opinion, in which Johnson

 and Cochran, JJ., joined.



 I respectfully dissent from the majority's holding that the concurrent provision of the Texas
Penal Code Section 3.03(a) applies to the entire sentence, including fines.

 Since 1899, this Court has held that pecuniary fines imposed in separate cases should be
cumulated. See Ex Parte Banks, 53 S.W. 688 (Tex. Crim. App. 1899). Accord Ex parte Williams,
109 S.W.2d 171 (Tex. Crim. App. 1937); Ex parte Hall, 258 S.W.2d 806 (Tex. Crim. App. 1953);
Bristow v. State, 267 S.W.2d 415 (Tex. Crim. App. 1954); McCurdy v. State, 265 S.W.2d 600 (Tex.
Crim. App. 1954); Evans v. State, 333 S.W.2d 387 (Tex. Crim. App. 1960); Ex parte Minjares, 582
S.W.2d 105 (Tex. Crim. App. 1978). We reasoned that such cases were "independent of each other,
and that the applicant owe[d] the distinct amounts of fine and costs adjudged against him." Banks,
53 S.W. at 689. We, therefore, concluded that the fines were also "independent of each other, and
the payment of one was not a satisfaction of the other." Id.

 We have maintained this position to the present day. As we explained in Minjares, "[w]ere
we to hold that the fines assessed by a municipal judge may run concurrently, a defendant such as
petitioner would have a means of avoiding the satisfaction of many judgments by discharging the
largest of the fines assessed against him. We decline to so hold." 582 S.W.2d at 107. While
Minjares was a misdemeanor case, the same reasoning is applicable to felonies, which are different
from the misdemeanors only because they have been considered by the Legislature to be more
serious. Since these offenses are more serious, the fines imposed in these cases are likely to be
higher than those imposed in misdemeanor cases. Nevertheless, the higher fines in such cases do
not justify a departure from the longstanding rule that pecuniary fines should be cumulated. On the
contrary, such a departure would be unjustified because it would in effect allow a person who has
been convicted of a felony to be treated far more leniently than one who has been convicted only of
a misdemeanor. This would not only be ironic, considering the relative seriousness of the offenses
in question, but would also raise serious questions of equity and due process.

 The lower courts have faithfully followed the above rule of cumulating fines in both
misdemeanor and felony cases, and we have implicitly affirmed this trend. See, e.g., Rocky
Mountain v. State, 789 S.W.2d 663 (Tex. App.-- Houston [1st Dist.] 1990, pet. ref'd)(misdemeanor);
Juarez v. State, 796 S.W.2d 523 (Tex. App.-- San Antonio 1990, pet. ref'd)(felony); Mills v. State,
848 S.W.2d 878 (Tex. App.-- Houston [1st Dist.] 1993, no pet.)(misdemeanor); Veteto v. State, 8
S.W.3d 805 (Tex. App.-- Waco 2000, pet. ref'd)(felony). As the Veteto court noted, "the long
standing rule has been that fines are cumulated and the Penal Code does not alter that rule. The
Court [of Criminal Appeals] has not taken issue with this interpretation, and neither will we." 8
S.W.3d at 818 (internal citations omitted).

 The majority is correct that most of the cases cited by the State either pre-date Section 3.03(a)
or rely on these pre-section-3.03(a) cases in holding that the concurrent-sentences provision of
Section 3.03(a) does not apply to fines. Ante, slip op. at 4. But it should be noted that the current
Section 3.03(a) is virtually identical, for our purposes, to Section 3.03 of the 1974 Texas Penal
Code. (1) This identity of the literal text of the two provisions itself compels the conclusion that the
Legislature did not intend to deviate from the law prevailing in 1974. Boykin v. State, 818 S.W.2d
782 (Tex. Crim. App. 1991). Moreover, "'when a legislature reenacts a law using the same terms
that have been judicially construed in a particular manner, one may reasonably infer that the
legislature approved of the judicial interpretation.'" State v. Colyandro, 233 S.W.3d 870, 878 (Tex.
Crim. App. 2007) (quoting State v. Medrano, 67 S.W.3d 892, 902 (Tex. Crim. App. 2002) (emphasis
in original)). As noted earlier, in spite of the concurrent-sentences provision of Section 3.03, this
Court has continued to apply the long-standing rule requiring cumulation of pecuniary fines, see,
e.g., Minjares, supra, thus implicitly holding that provision to be inapplicable to such fines. Since
it is presumed that the Legislature is aware of case law affecting or relating to a given statute,
Grunsfeld v. State, 843 S.W.2d 521, 523 (Tex. Crim. App. 1992), the fact that the Legislature
proceeded to reenact Section 3.03 in the same form as that of the 1974 provision, without even
mentioning fines, indicates that the Legislature did not intend to abolish the long-standing rule.

 Indeed, since at least 1994 to the present, the West's Notes of Decisions to § 3.03, in the
hardbound copies of the Vernon's Texas Codes Annotated, have consistently recited the following
for "pecuniary fines": "This section applies only to penal sentences and does not change long-standing rule that pecuniary fines are to be cumulated for different counts in same criminal episode." 
See, e.g., Tex. Pen. Code Ann. § 3.03, Note 8 at 79 (Vernon 1994) (emphasis added); Tex. Pen. Code
Ann. § 3.03, Note 11 at 108 (Vernon 2003) (emphasis added). I find it incredible, to say the least,
that the Legislature would seek to abolish this long-standing rule, which has been so embedded in
both the case law and the statutory books for such an extensive period of time, without so much as
indicating such abolition either in the statute or in its legislative sessions.

 The majority states that "[t]here is nothing in the legislative history of Section 3.03(a) or any
other provision of the 1973 [sic] Penal Code to indicate that anyone at any time ever took the
position or even suggested that the concurrent sentences provision of Section 3.03(a) should not
apply to fines." Ante, slip op. at 7. I suggest that the reason for the absence of such discussion was
that the thought of changing the long-standing rule of cumulating fines for multiple counts of the
same criminal episode did not even occur to the participants, precisely because it has been such a
long-standing and well-established rule. It is significant to note that, in spite of the majority's
obviously extensive research on the legislative history of § 3.03, it failed to discover any support for
the specific proposition that the Legislature intended to deviate from this long-standing rule.

 By the same token, I believe that the majority fails to give due consideration to the
Legislature's use of the word "run" in Section 3.03(a). Ante, slip op. at 4-9. As we have previously
explained at some length,

 When we interpret statutes . . . we seek to effectuate the "collective" intent
or purpose of the legislators who enacted the legislation. We do so because our state
constitution assigns the lawmaking function to the Legislature while assigning the
law interpreting function to the Judiciary.


 When attempting to discern this collective legislative intent or purpose, we
necessarily focus our attention on the literal text of the statute in question and attempt
to discern the fair, objective meaning of that text at the time of its enactment. We do
this because the text of the statute is the law in the sense that it is the only thing
actually adopted by the legislators, probably through compromise, and submitted to
the Governor for her signature. We focus on the literal text also because the text is
the only definitive evidence of what the legislators (and perhaps the Governor) had
in mind when the statute was enacted into law. There really is no other certain
method for determining the collective legislative intent or purpose at some point in
the past, even assuming a single intent or purpose was dominant at the time of
enactment. Yet a third reason for focusing on the literal text is that the Legislature
is constitutionally entitled to expect that the Judiciary will faithfully follow the
specific text that was adopted.


Boykin, 818 S.W.2d at 785 (emphasis in original) (citations omitted).

 Thus, we concluded that "if the meaning of the statutory text, when read using the established
canons of construction relating to such text, should have been plain to the legislators who voted on
it, we ordinarily give effect to that plain meaning." Id. (citation omitted). We did note that there was
"a legitimate exception to this plain meaning rule," id., stating that:

 [W]here application of a statute's plain language would lead to absurd consequences
that the Legislature could not possibly have intended, we should not apply the
language literally. When used in the proper manner, this narrow exception to the
plain meaning rule does not intrude on the lawmaking powers of the legislative
branch, but rather demonstrates respect for that branch, which we assume would not
act in an absurd way.


Id. (emphasis in original). 

 In the case before us, however, it is not the plain language of the statute but the majority's
interpretation thereof that leads to "absurd consequences that the Legislature could not possibly have
intended" because fines, by definition, cannot "run." (2) Thus, the majority disregards our own
directions for statutory interpretation and, by failing to give due consideration to the Legislature's
use of the word "run," ignores the literal text of Section 3.03(a) and focuses instead on the absence
of a discussion in the legislative sessions to assume that the Legislature intended the concurrent-sentences provision to apply to all sentences, including fines, even though a plain reading of the
literal text of the statute actually indicates that Section 3.03(a) is applicable only to those sentences
that can "run" and is thus not applicable to fines at all. (3)

 In short, the long-standing rule requires the trial court to cumulate the fines imposed for
multiple counts in the same criminal episode. Since the majority seeks to abolish that rule without
any clear directive from the Legislature to do so, I respectfully dissent. (4)


FILED: FEBRUARY 6, 2008.

PUBLISH
1. Compare Tex. Pen. Code § 3.03 (Vernon 1974): 


 § 3.03 Sentences for Offenses Arising Out of Same Criminal Episode

 

 When the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, sentence for each offense for
which he has been found guilty shall be pronounced. Such sentences shall run
concurrently.


with the current Tex. Pen. Code § 3.03(a) (Vernon 2003 & Supp. 2007):


 § 3.03 Sentences for Offenses Arising Out of Same Criminal Episode

 

 (a) When the accused is found guilty of more than one offense arising out of the
same criminal episode prosecuted in a single criminal action, a sentence for each
offense for which he has been found guilty shall be pronounced. Except as provided
by Subsection (b), the sentences shall run concurrently.


(Emphasis added.) I have added the emphasis to show the difference between the two provisions,
which is primarily the addition of the phrase "Except as provided by Subsection (b)" in the current
Section 3.03(a). This difference between the two provisions is irrelevant for our purposes, however,
because it is undisputed that subsection (b) is not pertinent to the issue before us.
2. See, e.g., the definition of "run" in Webster's New World College Dictionary
1255 (4th ed. 2005).
3. It should be noted that, while the Practice Commentary to Section 3.03 also supports this
second interpretation, it fails to offer any support for the majority's position:


 In effect [Section 3.03] treats multiple convictions resulting from prosecution of
joined offenses as a single conviction for sentencing purposes. A separate sentence
is pronounced for each conviction--so that, for example, if one conviction is
invalidated on appeal valid sentences will remain--but any imprisonment assessed
must run concurrently.


(Vernon 1974) (emphasis added).
4. I note that this concurrent-sentences issue is before us because the trial court in the
present case believed that it was required by Section 3.03 to impose a single fine of $10,000. 
Although the long-standing rule instead requires the trial court to cumulate the fines assessed by
the jury (to a total of $130,000 for the thirteen counts, in this case), I see no reason why the trial
court could not have suspended any portion of that fine and placed appellant on community
supervision, in spite of the jury's recommendation not to probate the fine, if the trial court
believed that it would be in the best interest of justice, the public, and the defendant, to do so in
this case. See Tex. Code Crim. Proc. art. 42.12 § 3(a). I would, therefore, remand this case to
the trial court for a new punishment hearing.