Davis v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-138-CR

     HUDSON RAY DAVIS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 24,500
                                                                                                    

O P I N I O N
                                                                                                    

      Hudson Ray Davis was convicted by a jury of theft. See Tex. Penal Code Ann. § 31.03
(Vernon 1989 and Supp. 1993). The jury found "true" to two prior felony theft convictions and
sentenced him to life imprisonment.
      Davis' sole point on appeal is that the evidence is insufficient to convict him as a party to the
offense of theft. The jury charge allowed the jury to convict Davis if it found that he directly
committed the theft or if it found that he was a party to the theft. The verdict form did not require
the jury to specify which theory it relied on in returning its guilty verdict. Davis does not
complain that the evidence is insufficient to sustain his conviction on the direct theory. Assuming
without deciding that the evidence is insufficient to convict Davis of theft on the direct theory, we
will review the evidence to determine the sufficiency of the evidence on the parties theory.
      Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). Under the Jackson
standard, we do not position ourselves as a thirteenth juror in assessing the evidence; rather, we
position ourselves as a final, due-process safeguard ensuring only the rationality of the factfinder. 
See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We have only the discretion
to determine if any rational trier of fact, considering the evidence admitted at trial, could have
found the essential elements of the offense beyond a reasonable doubt. See Rodriguez v. State,
819 S.W.2d 871, 873 (Tex. Crim. App. 1991). We do not make our own myopic determination
of guilt from reading the cold record. See Moreno, 755 S.W.2d at 867. We do not disregard,
realign, or weigh evidence. See id. The trier of fact is the sole judge of the weight and credibility
of the witnesses and may believe or disbelieve all or any part of any witness' testimony. Williams
v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). We do not resolve any conflict in fact
or evaluate the credibility of the witnesses. See Juarez v. State, 796 S.W.2d 523, 524 (Tex.
App.—San Antonio 1990, pet. ref'd). 
      L.B. Pennington, a manager of a Corsicana gas station, testified that he had a Honda
motorcycle for sale. The motorcycle was on display outside of the gas station on Highway 22. 
On September 11, 1991, Davis, a "young lady," and a "young man" drove into the station and
asked if the motorcycle was for sale. The young man, later identified as Ronnie White, wanted
to take the motorcycle for a test drive, but Pennington refused unless he was shown $850 in
cash—his asking price for the motorcycle. Davis told Pennington that he had the money in the
bank and that he would buy the motorcycle if the "boy" liked it. White refered to Davis as
"Daddy," and he said to Pennington, "If you'll let me ride it and I like it, [D]addy will buy it for
me; he has the money. He doesn't have it with him; all he has to do is go to the bank and get it." 
Davis and the young woman told Pennington that "they would stay there at the station while
[White] rode the [motorcycle]." Pennington suggested that White drive down the road a mile and
return.
      After White left on the motorcycle, Pennington went into the station. Davis and the woman
followed and told him that "they were going to walk over to Circle K." Pennington looked up to
see the pair in their car pulling away from the station. When he ran out to stop them, they told
him "they were just going to drive over to Circle K." Davis, who was driving, became "nervous"
and began backing the car away from Pennington. When a break in traffic occurred, Davis
"floored" his vehicle and drove off on Highway 22. Pennington jumped in a truck and followed
the car. Three miles later, after following at a high rate of speed, Pennington pulled up beside
Davis and told him to pull over. He confronted Davis saying, "You all are trying to steal my
motorcycle." Davis replied, "I didn't steal your motorcycle; he did." When Pennington asked
Davis what his son's name was, Davis replied, "That's not my son; he just calls me `daddy.'" 
Pennington flagged down a motorist to call the police. A highway patrolman stopped White on
the motorcycle later in Hillsboro.
      A person is criminally responsible for the offense committed by another if, acting with intent
to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense. Tex. Penal Code Ann. § 7.02(a)(2)
(Vernon 1974). Mere presence at the scene of a crime is insufficient to prove that a person is a
party to the crime. Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). However,
presence of an accused at the scene of a crime is a circumstance tending to prove guilt, which,
combined with other facts, may suffice to show that the accused was a participant. Id. In
determining whether Davis is a party and bears criminal responsibility, we may look to events
before, during, and after the commission of the offense. See id. at 684. Participation in an
enterprise may be inferred from the circumstances and need not be shown by direct evidence. Id. 
      Davis asserts that the evidence connecting him with the theft is the fact that he was present
at the scene with and knew the man who apparently stole the motorcycle and that he left in his
vehicle after the apparent theft. Looking at all the evidence in the light most favorable to the
verdict—and looking at events before, during, and after the theft—we find the evidence sufficient
to sustain his conviction under the law of parties. See id.; Matson, 819 S.W.2d at 843. Mere
presence at the scene is insufficient to sustain a conviction as a party to the offense. Beardsley,
738 S.W.2d at 685. Flight alone is not sufficient to support a guilty verdict. Harris v. State, 645
S.W.2d 447, 458 (Tex. Crim. App. 1983). However, both presence and flight are circumstances
from which an inference of guilt may be drawn. Id.; Beardsley, 738 S.W.2d at 685. Davis's
presence at the scene, his dialogue with Pennington implying that he would pay for the motorcycle
if "the boy" liked it, his deceit about walking to the Circle K, his "nervousness" when Pennington
confronted him as he tried to drive away, his high-speed flight from the scene, and his statement
that "I didn't steal your motorcycle; he did" could in combination lead a rational trier of fact to
find that Davis intended to promote or assist White in committing the theft and that he aided White
in doing so. See Matson, 819 S.W.2d at 842; Tex. Penal Code Ann. § 7.02(a)(2).
      We overrule the point and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 7, 1993
Do not publish