Foster v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-198-CR

        DOUGLAS LEE FOSTER,
                                                                                               Appellant
        v.

        THE STATE OF TEXAS,
                                                                                               Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 20,924-361
                                                                                                    

O P I N I O N
                                                                                                    

          Douglas Lee Foster was convicted by a jury of the offense of aggravated assault and
assessed twenty years in prison and a $1,000 fine. The jury also found that he used a deadly
weapon. In a single point of error, he asserts that the evidence is insufficient to support the
conviction.
STANDARD OF REVIEW
          Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). 
          Under the Jackson standard, we do not position ourselves as a thirteenth juror in assessing
the evidence; rather, we position ourselves as a final, due-process safeguard ensuring only the
rationality of the factfinder. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
We have only the discretion to determine if any rational trier of fact, considering the evidence
admitted at trial, could have found the essential elements of the offense beyond a reasonable doubt. 
See Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991). We do not make our own
myopic determination of guilt from reading the cold record. See Moreno, 755 S.W.2d at 867. 
We do not disregard, realign, or weigh evidence. See id. The trier of fact is the sole judge of the
weight and credibility of the witnesses and may believe or disbelieve all or any part of any
witness' testimony. Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). We do not
resolve any conflict in fact or evaluate the credibility of the witnesses. See Juarez v. State, 796
S.W.2d 523, 524 (Tex. App.—San Antonio 1990, pet. ref'd). The law is well-settled that
contradictory testimony does not render the evidence insufficient. Mercado v. State, 695 S.W.2d
25, 29 (Tex. App.—Corpus Christi, 1985), aff'd, 718 S.W.2d 291 (1986).
THE EVIDENCE
          The evidence is contradictory throughout the record. One point of contention on appeal
is the contradictory testimony about whether Foster struck Johnson with an iron and a board or
whether Johnson fell and hit her head on the objects. Furthermore, inconsistent testimony exists
in the record about whether Foster struck multiple blows to Johnson's head or, as the post-incident
examining physician observed, Johnson suffered only one cut to her head and a bruise on her
forearm. In Johnson's recorded statement to Officer Jerry Fickey a couple of days after the
accident, Johnson complained of multiple injuries to areas other than her head. The attending
physician observed only one head wound and a single bruise on her forearm. The doctor said
Johnson's wounds could have been consistent either with being struck by a sharp object or falling
on a sharp object. Johnson admitted that she told Foster's attorney that she was not struck by the
iron, but said that once she became fully aware of the consequences of perjury she told the truth
at trial. She had signed a "non-prosecution affidavit," in which she indicated her desire not to
pursue the case.
          Viewing the evidence in the light most favorable to the verdict, we find that Johnson's
original story to the police officer after the incident and her testimony at trial, although impeached,
are consistent. Johnson's later contradictory testimony does not destroy the probative value of her
earlier testimony. See Mercado, 695 S.W.2d at 29. The doctor examining Johnson following the
incident said the cut on Johnson's head could reasonably have resulted from being struck with the
iron. Foster testified that he and Johnson had an argument, during which he slapped her and
pushed her. Thus, we hold that a rational trier of fact could have believed the version of the
events that Johnson gave during her direct examination and have found Foster guilty beyond a
reasonable doubt. See Matson, 819 S.W.2d at 843.
                                                       CONCLUSION
          We overrule Foster's point and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 7, 1993
Do not publish