

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 11, 2004

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
Brazoria County Courthouse
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0147

Re: Whether, under Code of Criminal Procedure article 45.041(b)(1)(C), a justice of the peace may order a convicted defendant to pay a fine before court costs (RQ-0093-GA)

Dear Ms. Yenne:

You ask whether, under article 42.15(b)(3) of the Code of Criminal Procedure, a justice of the peace may order a convicted defendant to pay a fine or fines before court costs.[1] TEX. CODE CRIM. PROC. ANN. art. 42.15(b)(3) (Vernon 1979). If the defendant pays only part of the total due, you ask whether, in accordance with the long-established costs-first allocation rule, the payments must be allocated to costs and fees before satisfying the fine. *See* Request Letter, *supra* note 1, at 1.

Although you frame the issue in terms of the requirements of article 42.15, it is article 45.041 that applies to justice courts. *See* TEX. CODE CRIM. PROC. ANN. art. 45.041 (Vernon Supp. 2004); Request Letter, *supra* note 1, at 1. Article 42.15, which applies to courts in general, requires a court to order a defendant who is fined to "pay the amount of the fine and all costs to the state." TEX. CODE CRIM. PROC. ANN. art. 42.15(a) (Vernon 1979). The article further authorizes a court to direct the defendant to pay the fine and costs either in a lump sum or in installments. *See id.* art. 42.15(b). Using substantially similar language, article 45.041(a) requires a justice of the peace to order a convicted defendant to "pay the amount of the fine and costs to the state." *Id.* art. 45.041(a) (Vernon Supp. 2004); *cf. id.* art. 42.15(a) (Vernon 1979). With respect to the costs and fine, the justice may require the convicted defendant to pay either a lump sum or in installments:

The justice . . . may direct the defendant:

(1) to pay:

(A) the entire fine and costs when sentence is pronounced;

---

[1]*See* Letter from Honorable Jeri Yenne, Brazoria County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Aug. 12, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

(B) the entire fine and costs at some later date;
or

(C) a specified portion of the fine and costs at designated intervals[.]

*Id.* art. 45.041(b)(1) (Vernon Supp. 2004). Because article 45.041(b)(1)(C) applies specifically to justice courts, we refer to it rather than to article 42.15.

You ask first whether, under article 45.041(b)(1)(C), a justice of the peace may bifurcate the total amount of money due so that a defendant pays the fines by a specified date and the costs by a later date. Request Letter, *supra* note 1, at 2.

In this regard, you suggest that the allocation rule developed by this office is inconsistent with article 45.041. You describe the rule as a "pro-rata rule for fine and court costs," *id.* at 2, but we believe the rule may be more accurately denominated a costs-first allocation rule. For over sixty years, this office has stated that, where a defendant pays only part of the required fines and costs, "the money collected should go first to the payment of the costs and the balance, if any, to the amount of the fine." Tex. Att'y Gen. Op. Nos. O-755 (1939) at 2, O-469 (1939) at 2; *accord* Tex. Att'y Gen. Op. Nos. M-1076 (1972) at 3-4; O-4924 (1942) at 10; O-1792 (1940) at 6-7; *see also* Tex. Att'y Gen. Op. No. DM-407 (1996) at 6 ("We have no reason to believe that Attorney General Opinion M-1076 incorrectly states the law."). If the defendant does not pay even enough to cover all of the costs, "the money collected should be pro-rated" among the various costs due, with none going toward fines. Tex. Att'y Gen. Op. Nos. O-755 (1939) at 2, O-469 (1939) at 2; *accord* Tex. Att'y Gen. Op. Nos. M-1076 (1972) at 3-4; O-4924 (1942) at 10; O-1792 (1940) at 6-7.

No judicial opinions have discussed the allocation rule. The legislature has not enacted any statute that preempts the allocation rule. *See Cities of Austin, Dallas, Fort Worth, & Hereford v. S.W. Bell Tel. Co.*, 92 S.W.3d 434, 445 (Tex. 2002) (stating that a court will construe a statute that is subject to a "long-standing administrative construction" that the legislature has not amended since the administrative construction was articulated "as the agency did"); *Guar. Mut. Life Ins. Co. v. Harrison*, 358 S.W.2d 404, 408 (Tex. Civ. App.–Austin 1962, writ ref'd n.r.e.) (stating that a court is to give weight to "long standing departmental construction of a statute by the officials charged with its enforcement and the opinions of the Attorney General" in construing an ambiguous statute unless no such long standing construction exists or the Attorney General's construction is in error).

You suggest that article 45.041(b) may affect the allocation rule's application. The legislature adopted the substance of article 45.041(b)(1)(C) (and of article 42.15(b)(3)), permitting the use of installment payments, in 1971. *See* Act of May 26, 1971, 62d Leg., R.S., ch. 987, §§ 1, 5, 1971 Tex. Gen. Laws 2990, 2990-91. Prior to the 1971 amendments, the law ordered a defendant convicted of a fine-only offense who failed to pay costs and fines to be imprisoned, even if the defendant's failure to pay was due to indigency. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, arts. 42.15, 45.50, 1965 Tex. Gen. Laws 317, 502, 528; *Tate v. Short*, 401 U.S. 395, 399 (1971). In 1971 the United States Supreme Court held this practice unconstitutional. *See Tate*, 401 U.S. at 400. The Supreme Court indicated that a state may provide "alternatives" to imprisonment "to serve

its concededly valid interest in enforcing payment of fines," such as a procedure "for paying fines in installments." *Id.* at 399, 400 n.5. On remand to the Texas Court of Criminal Appeals, the court suggested that the legislature amend article 42.15 and the substance of article 45.041 to provide the requisite alternative means for collecting fines and costs from defendants. *Ex parte Tate*, 471 S.W.2d 404, 406 (Tex. Crim. App. 1971). The bill analysis of the 1971 bill amending these articles suggests that the amendments were intended to comply with the Supreme Court's ruling: "It has been declared unconstitutional for the courts to confine a man to jail because of his inability to pay a fine. This has made it necessary for the state to revise the punishment provisions under the Code of Criminal Procedure." HOUSE COMM. ON CRIM. JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 887, 62d Leg., R.S. (1971). Thus, the 1971 amendments were not related to a legislative intent to overrule the costs-first allocation rule.

In accordance with its plain language, article 45.041 authorizes a justice of the peace to determine only the form in which a convicted defendant must render monies due: a lump sum or in installments. Article 45.041 is not relevant to any authority a court may have to specify how the county must allocate the monies, when they have been received (either a lump sum or in installments), and the legislature has not adopted any other statute that preempts the long-standing costs-first allocation rule. Accordingly, whether a defendant pays a lump sum or in installments under article 45.041, the monies must be used to satisfy court costs first and fines second.

You ask second about a situation in which a defendant is ordered to pay in several installments: "[I]n the event a defendant is able to pay one or more installments but fails to pay the entire amount . . . , is the last partial payment prorated or must the court incorporate the prior installments that were successfully paid into an amount that should be prorated?" Request Letter, *supra* note 1, at 3.

The entire sum received must be allocated in accordance with the costs-first allocation rule. Under article 45.041, a lump sum payment and payment in installments are interchangeable, and the allocation of monies received in either form should be treated the same way. Thus, costs must be satisfied first, and any remaining money may be used towards the fine. If the sum total is insufficient to satisfy even the costs due, then the money must be divided, pro rata, among the costs.

Given this answer, you ask whether the county treasurer must "retain all monies received through the payment of installments until the total aggregate amount is collected or it is determined that such amount cannot and will not be fully paid." Request Letter, *supra* note 1, at 3.

In accordance with chapter 133 of the Local Government Code, which became effective on January 1, 2004, all criminal fees due to the state must be remitted to the comptroller quarterly. *See* TEX. LOC. GOV'T CODE ANN. §§ 133.055(a)(1), .012(a) (Vernon Supp. 2004); *see also* Act of June 1, 2003, 78th Leg., R.S., ch. 209, § 62(b), 2003 Tex. Gen. Laws 979, 998 (stating effective date). Thus, with respect to costs due to the state, the portion of payments received that is due to the state must be timely paid.

To the extent chapter 133 does not apply, regulations adopted by the county auditor and the comptroller may prescribe how a county treasurer should handle installment payments. In a county

the size of Brazoria County, the county auditor prescribes a system of accounting for the county and may adopt accounting regulations. *See* TEX. LOC. GOV'T CODE ANN. § 112.002 (Vernon Supp. 2004) (applying to counties with populations greater than 190,000); *see also* UNITED STATES CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION: State and County Quick Facts (population of Brazoria County is 241,767), *available at* http://quickfacts.census. gov/qfd/states/48/48039/ (last visited Jan. 12, 2004). The auditor's rules must comport with the comptroller's rules regarding the manner of keeping and stating a county official's accounts. *See* TEX. LOC. GOV'T CODE ANN. § 112.003(a) (Vernon Supp. 2004).

To the extent that the county auditor's and comptroller's rules do not resolve your question, we believe a commissioners court should instruct the treasurer how to proceed in this situation. A county treasurer must "pay and apply" county funds "as required by law and as the commissioners court may require or direct, not inconsistent with law." *Id.* § 113.041(a).

You also ask how the allocation rule should be applied if a court order provides for a different allocation of the collected monies. As we have already determined, article 45.041 is not relevant to the allocation of costs and fines, and no other statute has been enacted that preempts the application of the costs-first allocation rule. Thus, the money received must be allocated to cover costs first, and then to the fine.

You finally ask us to "comment as to what bearing, if any, the terms of a third party collections contract," entered under article 103.0031 of the Code of Criminal Procedure, has on the costs-first allocation rule or a court order issued under article 45.041(b). Request Letter, *supra* note 1, at 3. As amended by the legislature in 2003, article 103.0031 permits a county commissioners court or a municipal governing body to contract with a private attorney or private vendor to collect, among other things, unpaid fines and court costs ordered paid by a court serving the county. *See* TEX. CODE CRIM. PROC. ANN. art. 103.0031(a)(1)(A) (Vernon Supp. 2004). The contract may authorize the private attorney or vendor to collect from a defendant a fee equal to thirty percent of each fine or court cost that is more than sixty days past due and that has been referred to the attorney or vendor for collection. *Id.* art. 103.0031(b); *see also id.* art. 103.0031(f) (providing for calculation of sixty days past due). *But see id.* art. 103.0031(d) (providing that an indigent defendant is not liable for collection fees). Subsection (e), as renumbered and amended in 2003, provides for a situation in which the collector does not recover the total amount due:

> If a county or municipality has entered into a contract . . . and a person pays an amount that is less than the aggregate total to be collected . . . , the allocation to the comptroller, the county or municipality, and the private attorney or vendor shall be reduced proportionally.

*Id.* art. 103.0031(e).

In our opinion, under article 103.0031(e), the private collector would receive thirty percent of the aggregate amount collected. The amount of collected monies remaining after the private collector has received his or her share must be allocated in accordance with the costs-first allocation rule.

## S U M M A R Y

Article 45.041(b)(1) of the Code of Criminal Procedure authorizes a justice of the peace to order a convicted defendant to pay costs and fines due either as a lump sum or in installments, but it does not preempt the application of the long-standing costs-first allocation rule.  Under the allocation rule, a county must allocate monies received from a defendant first to pay costs and then to pay a fine.  If the monies received do not cover all of the costs, then the monies must be allocated to costs on a pro rata basis.  If a justice of the peace has ordered installment payments, the total sum received must be allocated in accordance with the allocation rule.

If a private collector collects the costs and fines under article 103.0031 of the Code of Criminal Procedure, the private collector will receive thirty percent of the aggregate amount collected. Remaining monies must be allocated to costs first, on a pro rata basis, and then to the fine.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee