### Ed. Nicholson v. The State.

#### No. 3134.   Decided December 13, 1905.

**Malicious Mischief—Circumstantial Evidence—Insufficiency of Evidence.**

See opinion for testimony held not to be. sufficient to sustain a conviction for wantonly killing a mule with intent to injure owner.

Appeal from the County Court of Hopkins.   Tried below before Hon. R. B. Kessler.

Appeal from a conviction of wantonly killing a mule with intent to injure the owner; penalty, a fine of $50.

The opinion states the case.

*Jno. T. Hyde* and *C. O. James,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with wantonly killing a mule, with the intent to injure the owner.   The case is one of circumstantial evidence, but fails to exclude any reasonable hypothesis except the guilt of the defendant.   In fact, the evidence does not show with anything like legal accuracy or sufficiency that appellant shot the mule.   He was in the neighborhood, and under his own statement about one hundred and fifty yards from where some shooting was heard, which is supposed to have brought about the death of the mule; though the mule was found some four hundred yards north of where the shots were supposed to have been fired.   There had been some previous ill-will between appellant and the alleged owner of the mule, but it was two or three years before.   Another fact is stated, to wit: that appellant owned a pistol and may possibly have had it with him on the occasion when the shots were fired.   But this was an old pistol, and it seems the hammer was not in working condition.   As the witnesses describe it, the main spring must have been broken.   When the pistol was pointed down the hammer would fall down on the cylinder: the muzzle being up, the hammer would drop back.   The witnesses testify that they do not know whether it would shoot or not.   He had previously borrowed $1.50 to have a pistol fixed, but it seems had not attended to it.   There is no evidence of any character in the record to show that, even if defendant shot the mule, it was with intention of injuring the owner, unless it was on account of some matters that occurred years before.   We do not be-

lieve the evidence is sufficient to sustain the conviction.. The judgment is reversed and the cause remanded.

*Reversed and remanded.*