## Ex Parte J. B. Clayton.

### No. 3565.    Decided June 5, 1907.

**Habeas Corpus—County Convict—Discharge of Fine by Imprisonment.**

Where a county convict who was fined in the sum of $28.20 had been confined in the county jail for ten days after the filing of his pauper's affidavit and had not been hired out he was entitled to his discharge from custody under article 856, Code Criminal Procedure.

Appeal from the County Court of Tom Green. Tried below before the Hon. Milton Mays.

Appeal from a habeas corpus proceedings remanding the appellant to custody in default of payment of fine and costs imposed for a misdemeanor; appellant claiming under pauper's affidavit that said fine was paid by imprisonment in the county jail at the rate of $3 per day.

The opinion states the case.

*Alexander & Alexander,* for appellants.

F. J. McCord, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Relator sued out a writ of habeas corpus before Hon. Milton Mays, County Judge of Tom Green County. Upon a hearing of the evidence thereunder, relator was remanded to the custody of the sheriff, whereupon he duly excepted and appealed to this court. The facts upon which this writ is based are, as follows: "This cause was tried upon an agreed statement of facts of which the following is a substantial statement: Appellant was duly and legally convicted on the 9th day of April, 1907, in the county court of said county, and the amount of fine and costs adjudged against him was $28.20, in default of payment of same he was committed to the custody of the sheriff. That on April the 12th, he made and filed with the papers in the cause wherein he was convicted, his pauper's affidavit. in due form of law, setting up his inability to pay said fine and costs. or any part thereof, or to give security for same. That he was confined in the jail of said county from April 9th until the date of this trial. That he was not hired out nor put to work upon the public roads of said county until the 22d day of April, when he was put to work by said county. In addition to the above agreed statement of facts, the State proved by Buster Jones that he was deputy sheriff, and that he had the custody of the appellant and confined him in jail, and that the reason he was not put to work was that on the 16th day of April, appellant claimed he was sick. That on April 20, 1907, the county physician was called in, examined appellant and stated that he was able to work."

The trial in this case, in the lower court, occurred on April 23, 1907. Appellant's first assignment of error is that the court erred in remanding complainant to jail because the admitted facts show that the complainant had been confined in the county jail of Tom Green County, Texas, for ten days after the filing of his papuer's affidavit with the papers in the cause in which he had been convicted, during which time he had not been hired out, nor worked upon the public roads of said county, and rating the same at $3 per day was more than sufficient to discharge said fine and costs. We think appellant's contention is correct. While the statement of facts shows that the complainant claimed on April 16th, that he was sick and wanted a physician, this fact will not defeat his right of being discharged after he has been confined a sufficient length of time to discharge the amount of fine, which was $28.20. There is no evidence in this record that appellant claimed to be unable to work, but one day, therefore, the evidence shows that he could have worked the other days, or at least, there is nothing to show that he claimed to be sick or that he could not work. Therefore, having made the affidavit, after being confined in jail for that length of time necessary to pay off his fine at $3 per day, after making the affidavit. above stated, he was entitled to be released. See Art. 856, Code Crim. Proc.; Ex parte Josh Hunt, 28 Texas Crim. App., 361; Ex parte

John Richmond, 34 Texas Crim. Rep., 113, and Ex parte Cato Taylor, 34 Texas Crim. Rep., 273.

Accordingly the judgment of the lower court is reversed, and relator ordered discharged.  Relator will pay all cost incurred in this court.

*Relator discharged.*