

# THE ATTORNEY GENERAL

## OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXXXXXXX
~~PRICE DANIEL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable K. H. Dally
County Attorney
Hutchinson County
Borger, Texas

Opinion No. O-1655

Re: (a) Would a sheriff, imprisoning a man
convicted of a misdemeanor and not pay-
ing his fine, be guilty of false imprison-
ment under Article 1169, Penal Code of
Texas, if he allowed the convict credit
only at the rate of one dollar ($1.00) per
day during the period of his imprison-
ment? (b) Under Article 793, C.C.P.,
must the convict, if required by the sheriff,
make some kind of showing that he is un-
able to pay the fine and costs adjudged
against him, or is the sheriff required to
allow the convict Three Dollars ($3.00)
for each day of his imprisonment without
any showing that he is unable to pay his
fine costs?

We are in receipt of your letter dated November 3, 1939, where-
in you request the opinion of this Department upon the above-stated ques-
tions.

Article 793, Code of Criminal Procedure of Texas, as amended
by the Acts of 1937, Forty-fifth Legislature, First Called Session, reads as
follows:

"When a defendant is convicted of a misdemeanor and
his punishment is assessed at a pecuniary fine, if he is un-
able to pay the fine and costs adjudged against him, he may
for such time as will satisfy the judgment be put to work in
the workhouse, or on the county farm, or public improvements
of the county, as provided in the succeeding Article, or if
there be no such workhouse, farm or improvements, he shall
be imprisoned in jail for a sufficient length of time to dis-
charge the full amount of fine and costs adjudged against him;
rating such labor or imprisonment at Three Dollars ($3) for
each day thereof; provided, however, that in all counties in
this State containing a population of not less than twenty-four

thousand one hundred eighty (24,180) nor more than twenty-four thousand two hundred (24,200); or in any counties containing a population of not less than forty-one thousand (41,000) and not more than forty-two thousand (42,000); and in all counties having a population of not less than forty-three thousand and thirty (43,030) and not more than forty-three thousand and fifty (43,050); and all counties having a population of not less than thirty-seven thousand two hundred eighty-six (37,286) and not more than thirty-seven thousand two hundred ninety (37,290); and all counties having a population of not less than seven thousand one hundred (7,100) nor more than seven thousand one hundred fifty (7,150); and in counties containing a population of not less than thirty thousand seven hundred and seven (30,707) nor more than thirty thousand seven hundred and nine (30,709); and in counties containing a population of not less than twenty-seven thousand five hundred forty-nine (27,549) nor more than twenty-seven thousand five hundred fifty-one (27,551);and in counties containing a population of not less than nineteen thousand one hundred twenty-eight (19,128) nor more than nineteen thousand one hundred thirty (19,130); and in counties containing a population of not less than eighteen thousand eight hundred fifty-nine (18,859) nor more than eighteen thousand six hundred sixty-one (18,661); and in counties containing a population of not less than ten thousand and thirteen (10,013) nor more than ten thousand and fifteen (10,015), according to the last preceding Federal Census, when a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding Article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him, rating such labor and imprisonment at not less than One Dollar ($1) per day nor more than Three Dollars ($3) per day.

"The Commissioners Court of each such county as defined by population brackets above in this State, at any regular or special term, shall, by order made and entered in the minutes of said Court, determine the rate of wages to be paid convicts in their respective counties for labor or imprisonment per day in accordance herewith."

The Court of Criminal Appeals has held, in an opinion delivered October 25, 1939, by Judge Kreuger in the case of Ex Parte Gussie Ferguson, 132 S.W. (2d) 408, that the amendment to Article 793, Code of Criminal Procedure, passed by the Forty-fifth Legislature, supra, and Articles 794a, 794b, 794c and 794d, Code of Criminal Procedure, which prescribe different credits for jail service in counties of different populations, are in contravention of the State and Federal Constitutions and void.

Judge Kreuger, in his opinion, recognized the right of the relator to be given credit under the general law in effect at the time of the passage of the present Article 793, which allowed Three Dollars per day on fine and costs, thereby eliminating the population brackets.

Hutchinson County has a population of fifteen thousand eight hundred and forty-eight, according to the last preceding Federal Census, and does not come within any of the population brackets set out in Article 793, or any of the other above-mentioned articles, therefore, the general rate of Three Dollars per day has always been applicable to Hutchinson County as prescribed by Article 793. Hutchinson County is, therefore, not affected by the opinion of Judge Kreuger delivered in the Ex Parte Ferguson case.

Article 920 of the Code of Criminal Procedure of Texas reads as follows:

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1. That he is too poor to pay the fine and costs, and

"2. That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and the justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

The Court of Criminal Appeals has recognized a distinction between the credit to be allowed for service in jail under the two preceding statutes. Article 793, supra, applies to the satisfaction of judgment in misdemeanor cases in courts other than justice courts. See Ex Parte Fernandez, 57 S.W.(2d) 578; Ex Parte McLaughlin, 60 S.W.(2d) 786.

In the Fernandez case, the relator, Fernandez, was convicted in the District Court of Nueces County, Texas, of a misdemeanor and his punishment assessed at a fine of $50.00 and costs, amounting to $16.00. Presiding Judge Morrow in this case wrote the following:

"The chapter in which Article 920, supra, appears, is one having reference to a judgment of conviction in a criminal action before a justice of the peace. From what has been said it is apparent that the statutory enactments make a distinction on the subject at hand with reference to the conviction of a misdemeanor before the justice of the peace and the conviction of a misdemeanor in courts of higher jurisdiction. The reason for the distinction may be only a matter of conjecture. Since the statutory direction was definite in its terms, the duty of the court to apply it as written is mandatory. However, it may be said that the justice courts are limited by the Constitution (Art. 5, Sec. 19) in criminal matters to a fine not exceeding $200.00, while under Article 5, Section 16, other courts are given jurisdiction in misdemeanors of much higher grade and with penalties far more severe."

In opinion No. O-1015 by Assistant Attorney General Benjamin Woodall, directed to Honorable Tom Seay, County Attorney, Potter County, Amarillo, Texas, appears the following language:

"In arriving at the proper credit to be allowed for service in jail under a conviction in the justice court, we must observe the provisions of Article 920, Code of Criminal Procedure, supra, that 'the defendant shall, in no case, under this article, be discharged until he has been imprisoned at least ten days;'

"It is, therefore, our opinion that a prisoner convicted in the justice court, when his total fine and costs is a sum under Thirty Dollars ($30.00) should receive credit for only one-tenth of the total amount for each day he served . . . "

In the McLaughlin case, 60 S.W.(2d) 786, the relator was convicted in the corporation court of El Paso, Texas, and his fine assessed at Thirty Dollars ($30.00). In that case, it was held that Article 793 was applicable, and that Article 920, alone was applicable to convictions before the justice of the peace.

From the holdings in the Fernandez case and the McLaughlin case, and the recent opinion delivered by Judge Kreuger in the Ex Parte

Ferguson case, it is apparent that a prisoner is entitled to Three Dollars ($3.00) per day for service in jail under a conviction of a misdemeanor in any court. The only difference in the applications of Articles 793 and 920 between the justice court and other court convictions is that when a prisoner is convicted in a justice court, and serves his time in jail, "he shall, in no case, be discharged until he has been imprisoned at least ten days."

In light of the foregoing discussion, we now come to consider your first question.

The Constitution of Texas, Article I, Section 19, reads as follows:

"No citizen of this state shall be deprived of life, liberty and property, privileges or immunities, or in any manner disfranchised, except by the due course of the laws of the land."

Article 1169 of the Penal Code of Texas, reads as follows:

"False imprisonment is the wilful detention of another against his consent and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper."

We quote from 19 Tex. Juris 560, as follows:

"The commonest suit for false imprisonment is one brought against the sheriff or other officer of the law, and the most frequent justification raised is that the defendant acted in obedience to legal process which he was bound to obey. Imprisonment by an officer under a warrant, fair and regular on its face, issued by legal authority, is not a false imprisonment, but a legal imprisonment, and no cause of action for damages rises against the officer for lawfully executing the writ. If, however, the imprisonment is under a warrant which is palpably illegal, or issued without the authority of law, it constitutes a trespass to which the officer will be liable in damages."

Article 793, Code of Criminal Procedure, as it now reads, and Article 920, of the Code of Criminal Procedure, expressly allow a prisoner Three Dollars per day on fine and cost, for each day of his imprisonment. We know of no valid statute which allows to a prisoner convicted of a misdemeanor and assessed a pecuniary fine the sum of one dol-

lar credit on his fine and costs for each day he is held in jail because of his inability to pay his fine and costs in money.

There is a long line of decisions which hold that when a prisoner has remained in jail for the time required by law to satisfy the amount of his fine and costs, he is entitled to his release, and that a writ of habeas corpus lies to procure the discharge of a defendant who has satisfied his fine and costs. Ex Parte Hill, 15 S.W. (2d) 14; Ex Parte Clayton, 103 S.W. 630; Ex Parte Woodroe, 101 S.W. 226; Ex Parte Spears, 90 S.W. 1011, and Ex Parte Reeves, 53 S.W. 1022 and others.

"A person is not liable for the detention of another in circumstances where the detention is authorized by law. The authority need not be expressed; it is sufficient if, from all the circumstances, the law would authorize the arrest. However, it is presumed until the contrary is shown that the imprisonment was unlawful; the prosecution need only prove the imprisonment, and it is for the defendants to justify it by showing that it was lawful." (19 Tex. Juris. 550)

Judge Critz, in the case of McBreath v. State, 12 S.W.(2d) 118, wrote:

"Certainly it is not the law that an officer, or any one else, can imprison a citizen of this state, without authority of law, and in violation of his plain, constitutional, and statutory guaranty, thereby forcing him to resort to writ of habeas corpus to gain his liberty, and then set up the remedy he has forced on the party so illegally arrested or imprisoned, as a defense."

We have set out above the law applicable to your first question, but this Department cannot pass upon the guilt or innocence of an individual, this matter being within the province of the trial courts or juries of this State.

Your second question is answered by our opinion No. O-1563, a copy of which we are enclosing herewith.

Trusting that the foregoing satisfactorily answers your inquiries, we remain

Yours very truly

DBD:LM:da
APPROVED DEC 9, 1939          ATTORNEY GENERAL OF TEXAS
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS    By   /s/ D. Burle Daviss, Assistant
APPROVED OPINION COMMITTEE BY BWB, CHAIRMAN