## EX PARTE BILLY BURL CLAYTON

No. 33,836. November 15, 1961

*Paul W. Leech,* Dallas, for relator.

*Henry Wade,* Criminal District Attorney, *Edward T. Miller, Jack Pevehouse, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

Relator, his brother and his attorney appeared before the Honorable Glenn W. Byrd, Justice of the Peace of Dallas County, for the purpose of holding an examining trial concerning a charge of driving while intoxicated, second offense. During the course of that hearing, Judge Byrd held all three parties in contempt of court and assessed a punishment against each of them at one day's confinement in jail and a fine of $25.00.

Relator and his brother made application to this court for a writ of habeas corpus, and this court ordered them produced before County Criminal Court No. 1 and that cause be shown why they were restrained of their liberty. A hearing was had before such court, who ordered relator remanded to custody, and he appeals. The record is before us, and from it we learn the following: That as they prepared to enter the examining court room, it was agreed between the three of them that relator's brother should sit with relator's attorney at the counsel table, that relator should sit in the court room in an effort to see "if we could get the officers to make a mis-identification."

It was the testimony of the attorney representing the state at such hearing that the relator's attorney "by pointing his finger and nooding his head" in answer to the court's inquiry indicated that relator's brother, seated next to him, was in fact relator. While it is true that relator's attorney testified that he made no such motion and merely stated to the court that relator was present, the honorable court who held this hearing was the

exclusive judge of the facts proven and credibility of the witnesses.

Relator testified that he was seated in the court room during the entire proceedings and could see and hear all that was transpiring.

As soon as the judge learned the true identity of the parties, he held them in contempt.

The only case which appears to be pertinent is Ex parte Bailey, et al 142 Tex. Cr. Rep. 532, 155 S.W. 2d 927. A careful analysis of Judge Hawkins' opinion therein is necessary for a proper disposition of the case at bar. In that case, the court held that an agreement to misrepresent one's identity plus the act of doing so to the prosecutor out of the hearing of the court did not constitute contempt. We agree that the mere agreement to perform the act of subterfuge would not have constituted contempt, but we further hold that when relator saw and heard his attorney in answer to the court's inquiry indicate his brother as being him and remained silent, then he became guilty of an act of contempt of the court.

Ex parte Bailey is here controlling, and the judgment is affirmed.