WR-83,783-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/3/2015 1:36:05 PM
Accepted 9/3/2015 1:44:55 PM
ABEL ACOSTA
CLERK

WR-83,783-01

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
9/3/2015
ABEL ACOSTA, CLERK

IN RE   THOMAS ALLEN SIMON,  Relator

---

## ON APPLICATION FOR A WRIT OF MANDAMUS IN CAUSE NO. 42908 IN THE 424TH DISTRICT COURT FROM BURNET COUNTY

ON APPLICATION FOR A WRIT OF MANDAMUS
IN CAUSE NO. 42908 IN THE 424TH DISTRICT COURT
FROM BURNET COUNTY

---

## RESPONSE OF
### Hon. Wiley B. "Sonny" McAfee, District Attorney
Real Party in Interest

---

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725, Llano, Texas 78643
Telephone        Telecopier
(325) 247-5755      (325) 247-5274
g.bunyard@co.llano.tx.us

By: Gary W. Bunyard
    Assistant District Attorney
    State Bar No. 03353500
    ATTORNEY FOR REAL PARTY IN INTEREST
    WILEY B. "SONNY" McAFEE, DISTRICT ATTORNEY

September 3, 2015

*Oral Argument is Waived*

## Identity Of The Parties

Trial Court/Respondent

Honorable Evan Stubbs
424th Judicial District
Burnet County Courthouse Annex (North)
1701 East Polk St., Suite 74
Burnet, TX 78611
424coordinator@dcourttexas.org

Counsel for Real Party in Interest – Wiley B. "Sonny" McAfee, District Attorney

Gary W. Bunyard
Assistant District Attorney
P. O. Box 725
Llano, Texas 78643
(325) 247-5755
State Bar No. 03353500
g.bunyard@co.llano.tx.us

Real Party in Interest – Gary E. Prust

Gary E. Prust
Attorney at Law
1607 Nueces St.
Austin, TX 78701
(512) 469-0092
gary@prustlaw.com

Counsel for Relator

Tracy D. Cluck
Attorney at Law
12600 Hill Country Blvd., Suite R-275
Austin, TX 78738
(513) 329-2615
State Bar No. 00787254
tracy@tracyclucklawyer.com


Of Counsel for Relator

L. T. "Butch" Bradt
Attorney at Law
14015 Southwest Freeway, Suite 4
Sugar Land, TX 77478-3500
(281) 201-0700
State Bar No. 02841600
ltbradt@flash.net


Relator

Thomas Allen Simon
SO #26546
Burnet County Jail
900 County Lane
Burnet, TX 78611

# Table Of Contents

Page

Index of Authorities.......................................................................... vi

Statement of the Case....................................................................... 1

Statement on Oral Argument........................................................... 1

Statement on Jurisdiction................................................................. 1

Response to Issues Presented............................................................ 2

Statement of the Facts....................................................................... 3

Summary of the Argument - Response to Issue No. 1.

    1.a.    The Respondent has the authority to remove appointed
           counsel when the Respondent has made a finding of
           good cause that is entered on the record........................ 5

    1.b.    Where the Respondent has authority to remove
           appointed counsel for good cause that is entered
           on the record Mandamus will not lie............................. 5

Argument on Response to Issue No. 1.

    1.1.    Principals of Law........................................................ 7

    1.2.    Applicable Facts.......................................................... 8

    1.3.    Discussion and Conclusion.......................................... 8

Summary of the Argument - Response to Issue No. 2.

2.a.   The Real Party in Interest neither joins nor opposes Issue No. 2 because the Court's order entered on August 26, 2015, to stay further proceedings in the underlying cause until this application for writ of mandamus is resolved effectively renders this Issue moot................................................................... 10

Argument on Response to Issue No. 2.

2.1.   None Presented by Real Party in Interest..................... 10

Prayer for Relief........................................................................ 11

Certificate of Word Count...................................................... 11

Certificate of Service............................................................... 12

# Index Of Authorities

Case Law                                                                    Page

*Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex.Crim.App. 1991).                  7

*Ex parte Billy Burl Clayton*, 171 Tex. Crim. 398;
    350 S.W.2d 926 (Tex. Crim. App. 1961).............................    8

*Stotts v. Wisser*, 894 S.W.2d 366 (Tex. Crim. App. 1995)...........          9

*Texas Dept. of Corrections v. Dalehite*, 623 S.W.2d 420, 424
    (Tex.Crim.App. 1981)........................................................    7, 9

*Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977).....             7


Constitutions

U.S. Const. amend. VI................................................................    7

U.S. Const. amend. XIV.............................................................    7


Statutes/Rules

Tex. Code Crim. Proc. Art. 26.04..............................................    7

Tex. Code Crim. Proc. Art. 26.04 (j) (2)..................................    7, 8

Tex. Disc. R. of Prof. Cond. Rule 303 (a) (1)...........................    8

## Statement Of The Case

Counsel for the Relator has adequately set forth the Statement of the Case except that Relator was arrested and later indicted for the offenses of Sexual Assault and Aggravated Assault Causing Serious Bodily Injury. Relator was never charged nor indicted for Aggravated Sexual Assault. These charges are pending and awaiting trial subject to the resolution of this application for writ of mandamus.

## Statement on Oral Argument

The undersigned waives Oral Argument. The undersigned does not believe that Oral Argument will be beneficial for this case for the reason that the issues are straight forward and lack any novel or complex nuances. Should the Court believe that Oral Argument will assist the Court in any way, the undersigned will gladly accommodate the Court.

## Statement on Jurisdiction

While not conceding the right to relief, Real Party In Interest acknowledges the jurisdiction of this Court as set forth by Counsel for Relator.

## *Response To Issues Presented*

Response To Issue No. 1:

    1.a.    The Respondent has the authority to remove appointed counsel when the trial court has made a finding of good cause that is entered on the record.

    1.b.    Where the Respondent has authority to remove appointed counsel for good cause that is entered on the record Mandamus will not lie.

Response to Issue No. 2:

    2.a.    The Real Party in Interest neither joins nor opposes Issue No. 2 because the Court's order entered on August 26, 2015, to stay further proceedings in the underlying cause until this application for writ of mandamus is resolved effectively renders this Issue moot.

## *Statement Of The Facts*

The Relator was arrested on March 24, 2014, for two counts of Sexual Assault and one count of Aggravated Assault Causing Serious Bodily Injury. The Relater is not now and has never been charged with Aggravated Sexual Assault in regard to this case as is alleged in the Petition for Mandamus. The Respondent appointed Tracy D. Cluck on April 8, 2014, to represent the Relator on these charges. A duly empaneled Grand Jury then returned an Indictment on June 3, 2014, charging the Relator with two counts of Sexual Assault and one count of Aggravated Assault Causing Serious Bodily Injury.

As described by Counsel for the Relator, Tracy D. Cluck filed *ex parte* motions seeking funds for the employment of a medical expert and for additional funds for investigative services. The Respondent called for an *ex parte* hearing on these motions. RR Vol. 1 Page 4. Present at this hearing was Tracy D. Cluck and the Relator. RR Vol. 1 Page 4. In presenting the reasons for the funds being requested Tracy D. Cluck informed the Respondent that he would not be able to provide the Relator effective assistance of counsel without the funds. RR Vol. 1 Pages 4 - 8. In making the decision to remove Tracy D. Cluck as counsel for the Relator, the

Respondent stated that the Respondent was not going to put Mr. Cluck in a position where he would feel like he was being ineffective. RR Vol. 1 Pages 11 - 12. Specifically the trial court held:

> "THE COURT: I'm not removing you because you've requested the additional funds. What you're stating to the Court is that without those funds you don't believe you can – you can provide effective assistance of counsel. That's specifically --
>
> "MR. CLUCK: Well, what --
>
> "THE COURT: Hang on.
>
> "MR. CLUCK: Go ahead. I'm sorry.
>
> "THE COURT: That's specifically what you said and I want someone else to look at this case."

RR Vol 1 Page 12.

Later in the day the Respondent appointed Gary Prust as new counsel for the Relator.

## Summary Of The Argument on
## Response to Issue No. 1

**1.a.** **The Respondent has the authority to remove appointed counsel when the Respondent has made a finding of good cause that is entered on the record.**

**1.b.** **Where the Respondent has authority to remove appointed counsel for good cause that is entered on the record Mandamus will not lie.**

Relator complains that the Respondent did not have good cause to remove Tracy D. Cluck as Relator's appointed counsel. However, Mr. Cluck had expressed to the Respondent his belief that he was unable to provide effective assistance of counsel unless the Respondent granted the funds requested. The Respondent (a) was not in the position of granting the funds requested due to the excessive nature of the request, (b) was aware that none of the other three attorneys representing the three co-defendants had expressed such an excessive request, ( c) had extensive personal experience in representing clients acting in the role of a criminal defense attorney for court appointed clients prior to being elected to the bench, and (d) was sufficiently aware of the facts of the instant case to believe that the level of funds requested was excessive. For these reasons the Respondent had concern that if the

5

excessive requests were not granted, Mr. Cluck would move forward to trial of the case under conditions that would create an appellate argument for ineffective assistance of counsel and thus, potentially require a second trial at the expense of judicial economy and the taxpayers of Burnet County.

## Argument On Response to Issue No. 1

### 1.1 Principals of Law

Where a person accused of a crime is indigent the trial court is obligated to appoint competent counsel to represent the person. Tex. Code Crim. Proc. Art. 26.04; U.S. Const. amend. VI and XIV; *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977).

Where counsel has been appointed to represent a person, the court has the authority to remove and replace said appointed counsel if the court makes a finding of good cause that is entered on the record. Tex. Code Crim. Proc. Art. 26.04 (j) (2).

Mandamus relief is available only when the relator can establish two things: first, that no other adequate remedy at law is available; and second, that the act he seeks to compel is ministerial. *Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex.Crim.App. 1991). An act is ministerial "when the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." *Texas Dept. of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex.Crim.App. 1981).

An attorney shall not knowingly make a misrepresentation of fact to the court. *Ex parte Billy Burl Clayton*, 171 Tex. Crim. 398; 350 S.W.2d 926 (Tex. Crim. App. 1961); Tex. Disc. R. of Prof. Cond. Rule 303 (a) (1).

## 1.2    *Applicable Facts*

In this case, Mr. Cluck sought approval of the Respondent for additional funds in an unusually large amount for a medical expert and for additional investigation. RR Vol. 1 Page 4.  In presenting his argument to the Respondent, Mr. Cluck stated that he would not be able to provide effective assistance of counsel, or at least was concerned about his ability to do so, without the requested funds.  RR Vol. 1 Pages 4 - 8.    Expressing concern about Mr. Cluck's apparent inability to provide the Relator with the standard of representation required by law unless the request for excessive funds was granted, the Respondent determined it necessary to remove Mr. Cluck as counsel for Relator and appoint other counsel.  RR Vol. 1 Pages 11 - 12.

## 1.3    *Discussion and Conclusion*

Whether mandamus should lie in this matter is determined on whether the Respondent did or did not have good cause to remove Tracy D. Cluck as counsel for the Relator in accordance with Tex. Code Crim. Proc. Art. 26.04 (j) (2).  If the reasoning of the Respondent did not rise to the level of good cause then the

Respondent was without authority to remove Mr. Cluck as Relator's counsel. *Stotts v. Wisser*, 894 S.W.2d 366 (Tex. Crim. App. 1995). Yet if the Respondent's reasoning does constitute good cause then the relief of mandamus is not available. *Texas Dept. of Corrections v. Dalehite*, supra.

The Respondent in this case had before it a clear statement of fact from Mr. Cluck that he would not be able to perform his duties to the standards required by law unless the Respondent approved his request for funds. With this, the Respondent had to choose one of two conclusions. Either Mr. Cluck was knowingly making a false statement of fact to the Respondent in order to coerce funds from the Respondent, an action which would be in violation of Rule 303 (a) (1) of the Rules of Disciplinary Conduct, or Mr. Cluck's statement was true. Considering that the Respondent did not take disciplinary action against Mr. Cluck for making a false statement to the court, it can be presumed that the Respondent determined that Mr. Cluck's statement about being unable to perform his duties to the standards required by law unless the Respondent approved his request for funds was true.

The findings of the Respondent on the record in this regard were made not only from the direct statement of Mr. Cluck but also from the fact that none of the attorneys from the three co-defendants had informed the Respondent of similar

9

excessive needs in order to perform their jobs (RR Vol. 1 Pages 12 - 13) and from the Respondent's own personal experiences in representing criminal clients in this jurisdiction (RR Vol. 1 Page 13) and from what the Respondent then knew of the facts of the case (RR Vol. 1 Page 13). Based on these findings the Respondent did in fact act under the authority of Art. 26.04 (j) (2) in removing Mr. Cluck for good cause shown on the record for the protection of the rights of the Relator and as such the relief of Mandamus is not available under these circumstances.

## Summary Of The Argument on Response to Issue No. 2

**2.a. The Real Party in Interest neither joins nor opposes Issue No. 2.**

No argument is presented in favor or in opposition of Issue No. 2.

## Argument On Response to Issue No. 2

No argument is presented in favor or in opposition of Issue No. 2. In as much as this Court has entered an order temporarily staying the proceedings pending resolution of this complaint, the Real Party in Interest believes that a Writ of Prohibition is duplicitous, unnecessary, and moot.

## *Prayer For Relief*

Wherefore, Real Party in Interest, Wiley B. "Sonny" McAfee, District Attorney, prays the Court deny the relief requested by Relator and set aside the Court's order staying further proceedings in the underlying cause.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643

Telephone        Telecopier
(325) 247-5755     (325) 247-5274

By: _____
       Gary W. Bunyard
       Assistant District Attorney
       State Bar No. 03353500
       g.bunyard@co.llano.tx.us
ATTORNEY FOR REAL PARTY IN INTEREST
WILEY B. "SONNY" McAFEE

## CERTIFICATE OF WORD COUNT

This is to certify that the pertinent portion of this brief contains 1,582 words printed in Aldine401 BT 14 font as determined by the WordPerfect X7© word count tool.

_____
Gary W. Bunyard
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded by EServe and by email on the 3rd day of September 2015, to Mr. Tracy D. Cluck, Attorney for Relator, at tracy@tracyclucklaw.com, and by EServe .

Gary W. Bunyard
Assistant District Attorney