

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00281-CR

## EX PARTE ALLEN MICHAEL LEE

**From the 85th District Court
Brazos County, Texas
Trial Court No. 22-001433-CV-85**

## OPINION

Allen Michael Lee is charged with one count of aggravated sexual assault of a child and two counts of sexual assault of a child. Bail amounts were set at $400,000 in total for the three charges. He has not been able to make bail. He filed a pre-trial application for a writ of habeas corpus asking to either be released or have bail reduced to $15,000 total. After a hearing, the trial court denied Lee's application.

In one issue, Lee contends the trial court abused its discretion in denying Lee's request for a bail/bond reduction. Specifically, he contends the initial bail set was excessively high and that the trial court abused its discretion by denying his application without an explanation.

In presenting error to this Court, an appellant's brief must contain a clear and concise argument of the contentions made with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i); *Neville v. State*, 622 S.W.3d 99, 104 (Tex. App.—

Waco 2020, no pet.). That has not occurred in this case. In the "Standard of Review" and "Applicable Law" sections of his brief, Lee cites to the general, applicable case law and statutes. However, in his "Argument" section, where appropriate citations must be included, Lee cites to five cases to support the two sub-arguments to his issue. Only three of those five cases are published. None of the three published cases cited actually exist in the Southwest Reporter. Each citation provides the reader a jump-cite into the body of a different case that has nothing to do with the propositions cited by Lee. Two of the citations take the reader to cases from Missouri. As the State points out, even Texas cases with the same names as those cited by Lee do not correspond with the propositions relied upon.[1] Further, as again noted by the State, the brief is devoid of any citations to the

---

[1] The text of the State's footnote 8 which challenges the authority cited by Lee states:

> Appellant only cites three published cases in support of his argument and represents to this Court that they stand for the propositions that a trial court must provide an explanation for its decision and it is an abuse of discretion when the trial court does not do so. (Appellant's Brief at 9-12). However, none of those cases exist:
>
> 1. *Ex parte Vasquez*, 248 S.W.3d 454 (Tex. Crim. App. 2008) cites to the tenth page of *In re Rodriguez*, 248 S.W.3d 444 (Tex. App.—Dallas 2008, no pet.), a mandamus case arising in the context of a divorce proceeding. (Appellant's Brief at 9). The Texas Court of Criminal Appeals has not published an opinion with that caption since 1986, which was an application for writ of habeas corpus alleging applicant's sentences were illegally cumulated. *See Ex parte Vasquez*, 712 S.W.2d 754 (Tex. Crim. App. 1986).
>
> 2. *Ex parte Clayton*, 592 S.W.2d 494 (Tex. Crim. App. 1979) cites to the seventh page of *M.H. Siegfried Real Estate, Inc. v. Renfrow*, 592 S.W.2d 488 (Mo. App. 1979), an appeal from a Missouri trial court's denial of an injunction and damages related to a real property dispute. (Applicant's Brief at 9). The Texas Court of Criminal Appeals did not publish an opinion in 1979 captioned *Ex parte Clayton* and has only published two cases with that caption. *See Ex parte Clayton*, 350 S.W.2d 926 (Tex. Crim. App. 1961); *Ex parte Clayton*, 103 S.W. 630 (Tex. Crim. App. 1907).
>
> 3. *Ex parte Martinez*, 340 S.W.3d 642 (Tex. Crim. App. 2011) cites to the fifth page of *Cochran v. Cochran*, 340 S.W.3d 638 (Mo. App. 2011), an appeal from a Missouri circuit court's judgment dissolving a marriage. (Appellant's Brief at 10, 11). *Ex parte Martinez*, 330 S.W.3d 891 (Tex. Crim. App. 2011) is the only

record.  These deficiencies, although brought to the Court's and to Lee's attention by the State in its brief to this Court, were neither contested nor corrected by Lee in any kind of reply, amended, or supplemental brief.[2]  Thus, Lee inadequately briefs his sole issue on appeal.

The failure to adequately brief an issue presents nothing for us to review, and we

---

published opinion from the Texas Court of Criminal Appeals in 2011 with that caption and is an application for writ of habeas corpus claiming ineffective assistance in applicant's trial for capital murder.

In addition to Appellant's inappropriate citations to authorities, his brief does not contain a separate Statement of the Case; does not state concisely and without argument the facts pertinent to the issue presented; does not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief; and is devoid of any citations to the record.  *See* TEX. R. APP. P. 38.1(d), (g), (h), (i); *see also* TEX. R. APP. P. 38.9(a) and (b); Letter from [the] Clerk of the Court, Tenth Court of Appeals, to [District Attorney] and [appellate counsel] (Mar. 13, 2023) ("Briefs not in substantial compliance with these rules will be stricken.") (emphasis in original).

[2] Based upon a recent Texas Bar CLE, "*Have the Robot Lawyers Finally Arrived?  Practical Concerns and Ethical Dimension of ChatGPT,*" presented by John G. Browning of Spencer Fane LLP, it appears that at least the "Argument" portion of the brief may have been prepared by artificial intelligence (AI).  To avoid this problem, Federal District Court Judge, Brantley Starr, requires the following certification for pleadings filed in cases pending in his court:

CERTIFICATE REGARDING JUDGE-SPECIFIC REQUIREMENTS

I, the undersigned attorney, hereby certify that I have read and will comply with all judge-specific requirements for Judge Brantley Starr, United States District Judge for the Northern District of Texas.
I further certify that no portion of any filing in this case will be drafted by generative artificial intelligence or that any language drafted by generative artificial intelligence—including quotations, citations, paraphrased assertions, and legal analysis— will be checked for accuracy, using print reporters or traditional legal databases, by a human being before it is submitted to the Court.  I understand that any attorney who signs any filing in this case will be held responsible for the contents thereof according to applicable rules of attorney discipline, regardless of whether generative artificial intelligence drafted any portion of that filing.

[ATTORNEY NAME(S)]

Because we have no information regarding why the briefing is illogical, and because we have addressed the issue raised on appeal, we resist the temptation to issue a show cause order as a New York federal district judge did in *Mata v. Avianca, Inc.*, 2023 U.S. Dist. Lexis 94323 (S.D.N.Y., May 4, 2023, order), or report the attorney to the State Bar of Texas for a potential investigation for a violation of the State Bar rules.

are not required to make an appellant's arguments for him.  *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (citing *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008)); *see also Neville v. State*, 622 S.W.3d 99, 104 (Tex. App.—Waco 2020, no pet.).  Accordingly, because Lee inadequately briefs his sole issue, it presents nothing for our review and is overruled.

Having overruled Lee's sole issue, the trial court's Order Denying Application for Writ of Habeas Corpus, signed on July 14, 2022, is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed July 19, 2023
Publish
[OT06]

